[S. F. No. 988.   Department Two.—April 11, 1899.]

## N. A. GOSLINER, Appellant, v. GRANGERS' BANK OF CALIFORNIA, Respondent.

Principal and Agent—Ostensible Agency—Belief of Authority.—
He who seeks to charge a principal with the acts of an ostensible agent must himself believe that the agent had authority as such from the alleged principal.

Id.—Ostensible Agency of Purchaser for Mortgagee—Goods Charged to Purchaser—Finding.—An action for goods sold and delivered cannot be maintained against a mortgagee of the purchaser, on the ground of ostensible agency of the purchaser for the mortgagee, from whom the money was borrowed by the purchaser to carry on the business in relation to which the goods were sold, where it appears that the plaintiff knowing the relations between the purchaser and the mortgagee, charged the goods to the purchaser, and not to the mortgagee. In such case, a finding against the ostensible agency is supported by strong evidence tending to show that plaintiffs did not believe that the goods were purchased for the mortgagee.

Id.—Incidental Benefit to Mortgagee.—The incidental benefit to the mortgagee arising from the delivery to the mortgagee of crops grown and harvested by the purchaser which were the subject of the mortgage, and from the furnishing of the goods to the purchasers, to enable them to grow, mature, and harvest the crops so delivered, though having some weight as evidence, in connection with other circumstances, to show the existence of a contract, express or implied, made by the mortgagee or through his agent to pay for the goods, is not sufficient, standing alone, to base a right of action against the mortgagee for goods sold and delivered.

APPEAL from a judgment of the Superior Court of Fresno County and from an order denying a new trial.  E. W. Risley, Judge.

The facts are stated in the opinion.

Horace Hawes, for Appellant.

E. S. Pillsbury, and F. D. Madison, for Respondent.

GRAY, C.—This is an action for goods sold and delivered. The case was tried before the court without a jury, the defendant had judgment, and the plaintiff appeals therefrom and from an order refusing to grant a new trial.

The defendant was a banking corporation, doing business as such in the state of California, with its principal place of business in the city of San Francisco. Its principal business seems to have been, so far as appears in this case, loaning money to farmers to carry on farming operations, taking mortgages on their crops planted and to be planted, teams, machinery, et cetera, to secure such loans.

During the years 1893-94 and 1894-95 Thomas L. Reed, then farming from fifteen thousand to twenty-five thousand acres of land under cropping contracts, made an agreement with the defendant bank to furnish him (Reed) with "the money to do the work with and furnish the stuff to raise the crops." Defendant took mortgages upon Reed's crops, also upon his mules, et cetera, as security. At this time Reed was largely indebted to the bank, and it was agreed that the mortgages taken should secure the payment of this past indebtedness as well as the advances to be made during the year.

All of the crops, mules, and farming implements were turned over to the defendant, and it realized therefrom some fifty-six thousand or fifty-eight thousand dollars.

This action is brought to recover of defendant the price of the supplies furnished by plaintiff to Thomas L. Reed for these years—1893-94 and 1894-95—and which supplies have not been paid for.

Substantially the same agreement was made by the defendant bank with John R. Reed for the year 1894-95, Mr. Gosliner being present at the time. It was agreed to pay plaintiff for the supplies so furnished, every three months, with checks drawn by John R. Reed on the bank.

The supplies were purchased from plaintiff, and were used upon the ranches of John R. Reed for the purpose of putting in the crops which were mortgaged to defendant, all of which crops were delivered to defendant as agreed.

The supplies furnished for the first nine months were paid for with checks drawn by Reed on the bank; for the last three months they were not paid. It is sought in this action to recover from defendant for the supplies furnished during the last three months.

The Reeds received credit on the books of the bank for the

amounts secured by the mortgages and drew checks against the account to defray their farming expenses. In this way they drew about eighty thousand dollars from the bank. The bank received all the crops harvested, which, with the mules, et cetera, came to about fifty-eight thousand dollars, leaving something upward of twenty thousand dollars owing from the Reeds to the bank, according to the testimony of the bank's officers. There was no account between the plaintiff and defendant. The plaintiff charged the goods to the Reeds, which he now seeks to recover the price of from defendant. Plaintiff had full knowledge of the transactions between the bank and the Reeds, and thoroughly understood the relations existing between them, and, though he frequently met the officers of the bank and talked with them concerning the Reeds and their crop prospects, he never intimated to them that he intended to hold the bank for the claim sued on herein until the commencement of this suit. In the mean time he kept pressing the Reeds frequently for his claim. The Reeds carried on the farming business in their own names. They did not own all the land they farmed; some of it belonged to others, and they were farming it on shares, under agreement with the owners of the land. There is no claim that the bank owned any of the land, nor does it appear that the bank was a party to any of the cropping contracts referred to.

The contention of appellant on the foregoing facts is that the "defendant held out the Reeds to be their agents; that plaintiff believed that to be the fact, and that this belief was based and founded upon the acts of defendant, either intentional or negligent." In support of this contention the appellant cites section 2300 of the Civil Code, which defines ostensible agency as follows: "An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him."

From this it appears that he who seeks to charge the principal with the act of an alleged ostensible agent must himself believe that the agent had authority as such from the alleged principal. (*Harris v. San Diego Flume Co.*, 87 Cal. 526.) The fact that plaintiff, knowing the relations that existed between the Reeds and the bank, yet charged the goods to the Reeds and not to the bank, is strong evidence tending to show that plaintiff did not

believe that the Reeds were purchasing these goods as the agents of the bank. A business man usually charges the price of goods to the party buying, and not to the agent of such party. The evidence seems amply sufficient to support the conclusion adverse to plaintiff reached by the trial court on the question of agency. The plaintiff's claim of an ostensible agency in the Reeds is the strongest ground they could base their claim to recovery on. The theory of an actual agency would find no support in the evidence, and the plaintiff advances no such claim. The cases of *Heald v. Hendy*, 89 Cal. 633, *Buckley v. Silverberg*, 113 Cal. 674, and the other cases cited by appellant differ materially as to their facts from this case and furnish no guide for the decision herein.

The plaintiff cannot recover from defendant on any theory that his furnishing the goods to the Reeds enabled them to grow, mature, and harvest the crop that defendant was interested in as mortgagee, and that thereby defendant received an incidental benefit from the goods furnished. To obtain judgment against defendant it was necessary for plaintiff to show the existence of a contract and promise, either express or implied, made in person or through an agent on the part of defendant to pay for the goods. The incidental benefit to defendant might have had some weight as evidence in connection with other circumstances to show the existence of such a contract, but was not sufficient, standing alone, to support a right of action for goods sold and delivered. (*Clay v. Walton*, 9 Cal. 328; *Harris v. San Diego Flume Co.*, 87 Cal. 529.)

The findings of the court have ample support in the evidence produced at the trial.

We see no error prejudicial to plaintiff in the rulings of the court on the introduction of the evidence.

We advise that the judgment and order appealed from be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

                    Henshaw, J., McFarland, J., Temple, J.

Hearing in Bank denied.