IRA JEFFREY ET AL. v. ELIZABETH HURSH ET AL.

*Power of attorney.*

A power of attorney to sell land does not authorize the attorney to mortgage it.

Powers of attorney must not be extended by construction.

In ejectment for lands conveyed by deed absolute under a power of attorney to sell, it is error to exclude evidence that the deed was meant to have the effect, merely, of a mortgage.

Error to Isabella. Submitted June 21. Decided June 27.

EJECTMENT. Defendants bring error. Reversed.

*Brown & Leaton* for appellants.

*Spaulding & Cranson* for appellees.

COOLEY, J. The plaintiffs brought ejectment to recover possession of lands of which a deed had been given by John M. Hursh as attorney in fact for Elizabeth Hursh to John Jeffrey, of whom the plaintiffs are heirs at law. The power of attorney authorized John M. Hursh, "for me and in my name, place and stead, to sell and convey all lands that I am now possessed of in the counties of Clare and Isabella, to receive payments for the same at any price or prices that to my said attorney may seem meet and just, and to execute and deliver such deed or deeds of conveyance in my name as may be necessary to convey the title to such land in fee." The deed in question purported to be a conveyance in fee-simple without condition.

The defence offered to show by the admissions of John Jeffrey and otherwise that the deed was given as a mere security for money loaned, and was accepted as a mortgage and recorded as such. The court excluded the evidence. This was error. John M. Hursh had power to sell the land, but not to mortgage it. The power is not to be extended by construction. The principal determines for himself what authority he will confer upon his agent, and there can be no implication from his authorizing a sale of his lands. that he intends that his agent may at discretion charge him with the responsibilities and duties of a mortgagor. *Wood v. Goodridge* 6 Cush. 117; *Albany Fire Ins. Co. v. Bay* 4 N. Y. 9; *Ferry v. Laible* 31 N. J. Eq. 566; *Kinney v. Mathews* 69 Mo. 520; *Patapsco etc. Co. v. Morrison* 2 Woods 395; *Devaynes v. Robinson* 24 Beav. 86.

A new trial must be ordered.

The other Justices concurred.