ELIZABETH HANNAH, ADMINISTRATRIX, v. DANIEL D. CARNAHAN ET AL.

65    601
s32NW  835
e130  1410
130    411

*Deed of land in trust—Investment of proceeds by trustee—Mortgage to secure purchase price.*

A wife conveyed certain real estate to her husband *in trust* for their *minor* children and the survivor or survivors, declaring the conveyance to be for their use and benefit, and that of their heirs and assigns, forever. The husband was authorized to sell and convey the property in his discretion, and to reinvest the moneys received on such sale for the benefit of the children, and, in case he survived his wife, to control and govern the property the same as if he held it in *fee simple.* After the death of the wife the husband sold the land, and invested a portion of the proceeds in part payment for other property, securing the balance of the purchase price by a mortgage on the land, which he afterwards

incumbered by a second mortgage to the same mortgagee to secure a loan of $600, which sum he used and lost in his own business. All of the deeds and mortgages were duly recorded. No charge of fraud or collusion on the part of the mortgagee is claimed. In a suit to foreclose *both* mortgages, the circuit judge allowed a foreclosure of the purchase-money mortgage, and decreed the second mortgage void, from which decree the mortgagee appealed. In affirming the decree the Court held:

1. That the wife did not intend to give the husband *unlimited* control of the property, his holding being expressly in trust, which trust plainly appeared on the face of his deed, and must be considered as notice to the mortgagee.

2. That, the purchase price of the premises bought with a portion of the trust fund not exceeding such fund, the purchase-price mortgage was an investment warranted under the trust; but had such price been in excess of said fund, such investment would have plainly exceeded the power of the trustee.

Appeal from Berrien. (Smith, J.) Argued April 7, 1887. Decided April 28, 1887.

Bill to foreclose two mortgages. Both parties appeal. Decree affirmed. The facts are stated in the opinion.

*N. A. Hamilton,* for complainant.

*G. M. Valentine,* for defendants.

MORSE, J. The bill in this case was filed to foreclose two mortgages.

There is no dispute about the facts.

On the fifth day of December, 1879, Betsey M. Carnahan, the wife of the defendant Daniel D. Carnahan, and mother of the infant defendants, executed a warranty deed of lot No. 10, in block B, of Windsor and Conger's addition to the village of Benton Harbor, and delivered the same to him. The deed ran to him "In trust for Lydia L. Carnahan, Henry W. Carnahan, and Mary D. Carnahan, minor children of the said Betsey M. Carnahan and Daniel D. Carnahan, and, in case of the death of either, then to the survivor or survivors," and the conveyance expressly stated that it was

for the use and benefit of said minors, and their heirs and assigns, forever. The deed contained the following clause:

"And the said Daniel D. Carnahan is hereby authorized to sell and convey the said property as to him seems best, and to reinvest the moneys received from the same for the benefit of the above-mentioned children, and, as they shall each arrive at age, to convey to them, either in property or money, the share belonging to each, which is to be equal as between them, or the then surviving ones; and it is mutually understood and agreed by and between the said Betsey M. Carnahan and Daniel D. Carnahan that this deed is not to become operative or to be placed upon record during the life-time of the said Betsey M. Carnahan.

"And it is further understood that, should the said Daniel D. Carnahan survive the said Betsey M. Carnahan, then the said Daniel D. Carnahan is to control and govern such property the same as if he held the same in fee simple, with-, out let, hinderance, or bond to any person or persons.

"Together with all and singular the hereditaments and appurtenances thereunto belonging or in anywise appertaining; to have and to hold the said premises as above described, with the appurtenances, unto the said party of the second part, in trust as above stated."

Mrs. Carnahan died April 4, 1880.

On the fourteenth day of October, 1881, the defendant Daniel D. Carnahan sold the premises described in said deed to one Williams for $1,700. With part of the proceeds he purchased the land covered by the mortgages involved in this suit, paying for the same $800 in cash, and executing a mortgage back upon the premises for $800. The land was bought of James Hannah, the complainant's intestate. Both the deed and the mortgage described Carnahan as trustee for the children. Afterwards Carnahan gave another mortgage to Hannah upon the same premises for $600. This money, obtained by said mortgage, he used and lost in his own business, and he is now execution proof.

The court below decreed the second mortgage void, but allowed a foreclosure of the purchase-money mortgage, with a personal decree against Carnahan for any deficiency that

might arise under a sale of the premises for the amount due upon said first mortgage. Both parties appeal to this Court.

It is admitted by the counsel for complainant that Hannah had constructive notice of the Betsey Carnahan deed, the same having been recorded; but he claims that by virtue of such conveyance Carnahan had an unlimited power in the disposition of the property, and could do what he saw fit with it, as far as third persons were concerned; that his wife, having absolute and unlimited confidence in him, meant to and did give him, by the express terms of the grant, absolute and unlimited control over the property; that he is accountable to the children for the funds, but they cannot interfere with his transactions with third parties who have purchased the property, or dealt with Carnahan in relation thereto, in the absence of any fraud or collusion on the part of such parties.

There is no claim in this case that Hannah acted fraudulently or in collusion with Carnahan in taking these mortgages.

The counsel for the defendants contends that Carnahan had no authority to execute either of the mortgages; that no power was given to mortgage the Williams lot, or the premises acquired by the proceeds of the sale of such lot; and that the deed of the wife, being on record, as well as the deed from Hannah to Carnahan, and the mortgage for the purchase money, informed Hannah that Carnahan was acting as trustee and using trust funds, and he, therefore, took both mortgages with full notice and at his own peril, and subject to the rights of the minor children.

We do not think that the wife intended to give to her husband unlimited control of the property. He was authorized to sell it, and to reinvest the moneys received from such sale; but no power was given him, either expressly or impliedly, to mortgage or incumber property purchased with such proceeds. He was to "control and govern" the property after

her death " as if he held the same in fee simple, without let, hinderance, or bond to any person or persons," but this control did not authorize him to waste or squander it, or give it away either directly or indirectly. For a case in point and similar, see *Price v. Courtney*, 87 Mo. 387, and also authorities there cited. His holding was expressly in trust, and such trust plainly appeared upon the face of the conveyance to him, and must be considered as a notice to Hannah.

The record shows that the trust property was sold for $1,700, and the purchase price of the land bought of Hannah was $1,600. Hannah had a right to suppose that Carnahan would use the proceeds of the sale of the trust property to pay for the premises purchased of him, and there was more than enough of such proceeds to have paid it.

Carnahan had power, under the deed from his wife, to invest such proceeds in real estate, and under the circumstances we think the purchase-money mortgage of $800 should be enforced against the premises, as it was given for the purposes of an investment that was warranted under the trust. Had the purchase price of the premises been in excess of the proceeds of the sale of the trust property, the investment would have plainly exceeded the power of the trustee, if such purchase had to be partly paid by a mortgage upon the land bought. But when the money paid down, and the amount of the mortgage to secure the balance, did not exceed the trust property in Carnahan's hands, so that it could reasonably be expected that such mortgage could and would be met by the trust moneys, and the premises thereby secured free and clear for the benefit of those interested in the trust, we think Hannah had a right to take the mortgage, and to now rely upon it, in the absence of any fraud or collusion upon his part. But when this first mortgage was not paid, he could not take the second mortgage of $600 upon the premises, in the face of the notice he had of the terms and

extent of the trust under which Carnahan held the property. Nor could any person, having notice of this trust, take such a mortgage, and enforce it against the property, as there was no power given Carnahan to execute such a mortgage. The personal decree against Carnahan for the amount of the first mortgage was proper.

The decree of the court below will therefore be affirmed. No costs will be awarded either party in this Court.

The other Justices concurred.