[No. 13827.   Department One. — February 4, 1892.]

ADAM BROWN Respondent, *v.* CHARLOTTE D. ROUSE et al., Appellants.

93  237;
104  673
93  237
¹114  460,
93  237
s125  647

Mortgage — Foreclosure — Power of Attorney — Reformation of Certificate — Want of Authority — Denial of Relief. — Where a complaint in an action to foreclose a mortgage alleges that the defendant, through her attorney in fact, executed to plaintiff a note and mortgage, and that the power of attorney, though properly acknowledged in fact, did not have a sufficient certificate of acknowledgment, and asks as a part of the relief that the certificate of acknowledgment be corrected, but the power of attorney annexed to the complaint as an exhibit does not purport to confer any authority, either to borrow money or to execute a note or mortgage, the sufficiency and correctness of the certificate become immaterial, and the plaintiff can have no relief upon either the note or mortgage.

Id. — Recovery of Money Paid. — Where the complaint in such action alleges that at the date of the mortgage note the plaintiff paid out, for and at the request of the defendant, a certain sum of money which formed part of the consideration of the note and mortgage, and no other consideration for the note is alleged, the plaintiff is limited to the recovery of the amount paid by him at the request of the defendant.

Id. — Principal and Agent — Consideration of Unauthorized Note — Pleading. — A note made by an agent without authority imports no consideration against the principal, and the plaintiff who seeks to recover the consideration is limited to a recovery upon the actual consideration alleged.

Id. — Finding of Consideration not Pleaded — Ratification of Loan — Support of Judgment. — The fact that the court found, and the evidence showed, that on the day the note was dated the defendant's agent borrowed the balance of the amount of the note, and that the defendant subsequently received from her agent part of said sum, and ratified and confirmed the loan, does not justify the court in rendering judgment for the full amount of the loan, where the complaint fails to allege that the plaintiff loaned any sum of money to the defendant.

Appeal — Dismissal — Service of Notice upon Adverse Parties — Dismissal of Action as to Co-defendant. — A motion to dismiss an appeal by a plaintiff, on the ground that the notice of appeal was not served upon one of the defendants in the trial court, will be denied, where it appears that a judgment of dismissal was rendered as to such defendant, and such dismissal left the plaintiff and the other defendant as the only parties who could be affected by any reversal of the judgment appealed from.

Appeal from a judgment of the Superior Court of Santa Clara County.

The action was brought to foreclose the mortgage referred to in the opinion. The respondent moved to dis-

miss the appeal on the ground that the notice of appeal was not served upon Durst, one of the defendants in the trial court. Further facts are stated in the opinion of the court.

*John H. Durst,* and *W. A. Nygh,* for Appellant.

The judgment rendered by the court below was palpably not embraced within the issues made by the pleadings. The cause of action purported to be established by the findings, and for which the personal judgment was rendered, was not the cause of action alleged in the complaint. (*Mondran* v. *Goux,* 51 Cal. 151; *Black* v. *Merrill,* 65 Cal. 90; *Taylor* v. *McLain,* 64 Cal. 513.) The assumed findings of the court upon which the judgment was based are outside the issues made by the pleadings, and the judgment must therefore be reversed. (*Sterling* v. *Hanson,* 1 Cal. 478; *Lang* v. *Specht,* 62 Cal. 145, 151; *Gregory* v. *Nelson,* 41 Cal. 278; *Hicks* v. *Murray,* 43 Cal. 515; *Robinson* v. *Pittsburg R. R. Co.,* 57 Cal. 417; *Morenhout* v. *Barron,* 42 Cal. 591; *McComb* v. *Reed,* 28 Cal. 281; 87 Am. Dec. 115.) The motion to dismiss the appeal because of the failure of the appellant to serve notice of appeal upon the defendant Durst must be denied, as said Durst is not an adverse party within the meaning of section 940 of the Code of Civil Procedure, a judgment of dismissal having been rendered as to him. (*Williams* v. *Santa Clara M. Ass'n,* 66 Cal. 195, 196; *Roylance* v. *San Luis Hotel Co.,* 74 Cal. 273; *Muller* v. *Rea,* 71 Cal. 405; *Randall* v. *Hunter,* 69 Cal. 81. See also *Shirley* v. *Burch,* 16 Or. 1; *Wright* v. *Mahaffey,* 76 Iowa, 96; *Lilienthal* v. *Caravita,* 15 Or. 339; *Toy* v. *San Francisco etc. R. R. Co.,* 75 Cal. 542; *Easter* v. *Severin,* 78 Ind. 540.)

*W. C. Kennedy,* for Respondent.

The defendant Rouse, having received and used all the money with knowledge of the loan, ratified and confirmed the making of the note as fully and completely as though it was her original note. (*Wallace* v. *Lawyer,* 90 Ind. 499; *McDowell* v. *McKenzie,* 65 Ga. 630; *Smith* v. *Tracy,*

36 N. Y. 79; 1 Am. & Eng. Ency. of Law, 429, 437; *Beall* v. *January*, 62 Mo. 434; *Perkins* v. *Boothby*, 71 Me. 91; *Clark* v. *Riemsdyk*, 9 Cranch, 153; *Paris* v. *Reeve*, 63 Wis. 315; *Silverman* v. *Bush*, 16 Ill. App. 437; *Harrod* v. *McDaniels*, 126 Mass. 415; *Myers* v. *Mut. Ins. Co.*, 32 Hun, 321; *State* v. *McCauley*, 15 Cal. 450; *Ayres* v. *Palmer*, 57 Cal. 309; *Jones* v. *Marks*, 47 Cal. 247; 1 Daniel on Negotiable Instruments, secs. 32, 274, 310, 319; Wharton on Agency, secs. 68, 75, 89, 92, 174, 478; *Long* v. *Colburn*, 11 Mass. 88; 6 Am. Dec. 160; *Com. Bank* v. *Warren*, 15 N. Y. 577; *Ward* v. *Williams*, 26 Ill. 447; 79 Am. Dec. 385.)   It has long been conceded in this state that actions at law and in equity can be joined in cases of this character (*Rollins* v. *Forbes*, 10 Cal. 299; *Rowland* v. *Leiby*, 14 Cal. 157; *De Leon* v. *Higuera*, 15 Cal. 495; *Chapin* v. *Broder*, 16 Cal. 422; *Comerais* v. *Genella*, 22 Cal. 127; *Hobbs* v. *Duff*, 23 Cal. 623; *Englund* v. *Lewis*, 25 Cal. 349; *Bailey* v. *Dale*, 71 Cal. 37), and that we are entitled to recover on the note, although the mortgage be void. (*Shaver* v. *Bear River*, 10 Cal. 396; *Carey* v. *Philadelphia etc. Petroleum Co.*, 33 Cal. 696; *Healdsburg* v. *Bailhache*, 65 Cal. 331.)

HARRISON, J. — The complaint in this case is not to be commended as a model of pleading. It alleges that the appellant, through her attorney, executed to the plaintiff a promissory note for the sum of twelve hundred dollars, and a mortgage to secure its payment, and that the power of attorney under which the same were executed, although properly acknowledged in fact, did not have a sufficient certificate of acknowledgment, and asked, as a part of the relief, that the certificate of acknowledgment be corrected according to the facts. The power of attorney was annexed to the complaint, but as it did not purport to confer any authority, either to borrow money or to execute a note or mortgage, the sufficiency and correctness of the certificate became immaterial. For the same reason the plaintiff could have no relief upon either the note or mortgage.

The plaintiff, however, alleged in his complaint that on the eighteenth day of November, 1887 (the day on which the note was dated), he "did pay, for and at the request of the defendant, the sum of $580, in full release and discharge of a certain note and mortgage" that had been executed by the defendant, and "said sum of $580 forms a part of the consideration of the note and mortgage of $1,200" set forth in the complaint. There is no other consideration alleged for the note sued on; and as the note was made without any authority from the appellant, it did not in itself import any consideration against the defendant, and the plaintiff was limited to a recovery upon the actual consideration which he had alleged, viz., the amount of money paid by him at the request of the appellant.

The appeal is simply from the judgment, and we are not informed of the evidence introduced at the trial. The court, however, found that on the eighteenth day of November, 1887, the attorney of the appellant "borrowed from the plaintiff the sum of $1,198," and gave to the plaintiff therefor the note and mortgage set forth in the complaint; and thereafter the plaintiff, at the request of said attorney, paid the sum of $470 in satisfaction of a note and mortgage previously executed by the appellant, and that this sum of $470 was a part of the consideration for the note and mortgage set forth in the complaint. The court also found that the appellant subsequently received from her attorney "the residue of said $1,198 paid by plaintiff after deducting said $470," and ratified and confirmed the loan made by the plaintiff.

We must assume that there was evidence before the court sufficient to sustain these findings, and if the facts therein contained had been alleged in the complaint, the judgment should be affirmed. The finding that the appellant ratified the loan would be sufficient to sustain a judgment against her for the full amount of the loan, if such a cause of action had been alleged in the complaint. The only cause of action which the plaintiff

has stated in his complaint is for the sum of $580, paid out by him at the request of the appellant, and he has not alleged that he loaned any sum of money to her. The fact that the court received evidence of another cause of action than that alleged in the complaint, even though it was for money loaned upon the same day as was the payment for the account of the appellant, did not justify the court in rendering judgment upon such cause of action.

Finding 6, made by the court, is contradictory in itself. The court finds that the plaintiff did, at the request of the appellant's attorney, who was acting as her agent, pay the $470 in satisfaction of a note that had been executed by her; and it also finds that said payment was purely voluntary on the part of the plaintiff.

The motion to dismiss the appeal is denied. The judgment dismissing Durst from the action left the plaintiff and the appellant as the only parties who could be affected by any reversal thereof.

The judgment is reversed, and a new trial ordered.

PATERSON, J., and GAROUTTE, J., concurred.

Hearing in Bank denied.