[Sac. No. 118.   Department One.—October 7, 1896.]

C. GOLINSKY ET AL., RESPONDENTS, *v.* D. E. ALLISON, ET AL., APPELLANTS.

AGENCY — POWER OF ATTORNEY — MORTGAGE — PROMISSORY NOTE. — A power of attorney authorizing the agent to "superintend" the property of his principal, and to "preserve, manage, sell, and dispose of" the same, and also to locate millsites, mining claims, and water rights, and "to manage, work, sell, and dispose of them," does not authorize him to give a promissory note for an antecedent obligation incurred with respect to such property, or to secure it by a mortgage thereon.

ID.—RATIFICATION.—The fact that the principal never objected or found fault with the giving of the mortgage cannot constitute a ratification of its execution by the agent, if he never knew of its execution prior to the commencement of an action for its foreclosure.

APPEAL from a judgment of the Superior Court of Shasta County, and from an order refusing a new trial. EDWARD SWEENY, Judge.

The facts are stated in the opinion of the court.

*C. P. Robinson, L. D. McKisick* and *T. M. Osmont,* for Appellants.

*Clay W. Taylor,* and *J. Chadbourne,* for Respondents.

HARRISON, J.—The plaintiffs brought this action to foreclose a mortgage upon certain property—mining claims and other real estate—situate in the county of Shasta. The mortgage, and also the promissory note for which it was given as security, were executed to the plaintiffs by the defendant Barron for himself, and as the attorney-in-fact of his codefendants, Allison and Sackett. The power of attorney from Allison and Sackett to Barron, under which these instruments were executed, gave him authority "to superintend all our property in Shasta county and state of California, known as the 'Snyder Mine,' and all other mines acquired by us by purchase or otherwise; and also all water rights and mill property, and to preserve, manage, sell, and dispose of any and all of the said mines, mills, or other property in such manner as he shall deem meet and proper and for our best interest; and also to locate mill-sites, townsites, mining claims, and water rights, and take all the necessary legal steps or proceedings to accomplish the same, and manage, work, sell, and dispose of any and all of them to our best advantage." The court held that the authority given by this power of attorney was sufficient to authorize the execution of the note and mortgage, and rendered judgment in favor of the plaintiffs. The defendants have appealed.

A power of attorney, like any other instrument, is to be construed according to the natural import of its language; and the authority which the principal has conferred upon his agent is not to be extended by im-

plication beyond the natural and ordinary significance of the terms in which that authority has been given. The attorney has only such authority as the principal has chosen to confer upon him, and one dealing with him must ascertain at his own risk whether his acts will bind the principal. By the above letter of attorney given by Allison and Sackett to Barron, he had authority to "superintend" the property of his principals, and to "preserve, manage, sell, and dispose of" the same, and also to locate millsites, mining claims, and water rights, and "to manage, work, sell, and dispose of them." A power to sell and convey real estate does not authorize the attorney to mortgage it. (*Jeffrey* v. *Hursh*, 49 Mich. 31; *Wood* v. *Goodridge*, 6 Cush. 117; 52 Am. Dec. 771; *Brown* v. *Rouse*, 93 Cal. 237.) For an exhaustive discussion of the subject see *Campbell* v. *Foster Home Assn.*, 163 Pa. St. 609; 43 Am. St. Rep. 818. "The power is not to be extended by construction. The principal determines for himself what authority he will confer upon his agent, and there can be no implication from his authorizing a sale of his lands that he intends that his agent may at discretion charge him with the responsibilities and duties of a mortgagor." (*Jeffrey* v. *Hursh, supra.*) In *Billings* v. *Morrow*, 7 Cal. 171, 68 Am. Dec. 235, it was held that an attorney, who was authorized to "superintend" the real and personal estate of his principal had no authority to make a sale of the property. There is clearly no power conferred by the above instrument to execute a promissory note in the name of the principals, or to mortgage their property to secure its payment. The authority to "preserve and manage" the property, or to "manage and work" it, cannot by any reasonable construction be held to include an authority to mortgage it, and is inconsistent with the idea of imposing a personal charge upon the principals, except for such expenses as may be incurred in its preservation and management.

It was shown that the promissory note in question was given for money paid out by the plaintiffs to the

workmen in the mines, and also for merchandise purchased for the mines, upon the order of Barron, and the respondents contend that this was within the authority given to Barron to preserve and manage the mining claims, and formed a sufficient consideration for the execution of the promissory note. It does not appear at what time the money was paid or merchandise furnished for which the note was executed, but it was shown that it had all been paid and furnished prior to its execution. The note and mortgage were, therefore, executed in consideration of an antecedent obligation, and not for the purpose of preserving or managing the property. The money and merchandise thus furnished by the plaintiffs would doubtless have formed a sufficient consideration for the execution of the promissory note by Allison and Sackett; but, unless they had given to Barron authority to execute the note for them, they could not be held liable for its payment, even though they had derived an advantage by reason of the consideration upon which he had executed the note; and, even if they could have been held liable for the moneys so paid and the merchandise so sold upon his order, they had not given him any authority to bind them for the payment of interest thereon at the rate of one and a half per cent per month, or to secure the same by a mortgage.

The testimony of Sackett that neither he nor Allison ever objected or found fault with the giving of the mortgage did not constitute a ratification of its execution by Barron. (Civ. Code, sec 2310.) It did not appear that the execution of the mortgage was known by either Allison or Sackett prior to the commencement of the action.

The judgment and order are reversed.

GAROUTTE, J., and VAN FLEET, J., concurred.