PARKHURST *v.* TRUMBULL.

WILL—POWER TO SELL—MORTGAGE.

> A clause in a will giving the executor power to sell real estate devised to others does not authorize him to mortgage the property.

Appeal from Eaton; Smith, J. Submitted November 15, 1901. (Docket No. 218.) Decided April 25, 1902.

Bill by John D. Parkhurst against Sarah Ann Trumbull, Albert D. Trumbull, Jr., and Benajah W. Warren, to foreclose a mortgage. From a decree for complainant, defendants Trumbull appeal. Reversed.

*J. M. C. Smith*, for complainant.

*W. A. Coutts*, for appellants.

LONG, J. The bill in this cause was filed to foreclose a mortgage given by Benajah W. Warren, as executor of the estate of Drayton E. Trumbull, deceased, to the complainant, on the 18th day of July, 1898, for the sum of $200. It appears that Drayton E. Trumbull died testate June 2, 1885, leaving surviving him a widow, Sarah Ann Trumbull; a son, Albert D. Trumbull; two daughters, Sarah Ann Herrick and Clarissa M. Herrick; and a grandson, Albert D. Trumbull, Jr. By the terms of his will he first gave to his wife all his real and personal es-

tate for and during her natural life. It was also his express will and desire that his property should be and remain in the hands of his executor, in trust for the purposes mentioned in the will. To his son, Albert D. Trumbull, he gave his wearing apparel and a note of $50. To his daughters he gave each $1. The fifth clause of the will provides:

"I give, devise, and bequeath to my grandson, and the son of Albert D. Trumbull, all the rest and residue of my estate after the decease of my said wife, Sarah Ann Trumbull; and for the purpose of carrying out my wishes I hereby direct my executor hereinafter named to dispose of all my estate, both real and personal, in such manner as may seem best to him, either at public or private sale, and the proceeds of the same be used for the support of my said wife in comfortable circumstances as the estate will permit."

Benajah W. Warren was named as executor.

The inventory of the estate showed $1,200 in realty, and $1,155.80 in personalty. September 12, 1898, the executor filed his final account with the judge of probate, which showed the following among other items: "Cash on mortgage in question, $200." It appears that the executor, without any order of the court, made, executed, and delivered to the complainant the mortgage in controversy. It is shown that most of the money raised from the mortgage was paid over to the widow.

The contentions of the defendants are:

1. That this mortgage is absolutely void, the executor having no power or authority under the will to mortgage real estate.

2. That Sarah Ann Trumbull and Albert D. Trumbull, Jr., the appealing defendants, were the only persons interested in the land; that the legacies have been paid, and they, as devisees, elected to take the land, rather than its proceeds, and forbade its sale under the power to sell contained in the will.

3. That the land was occupied by the widow as her homestead.

Under the power contained in the will to dispose of the

estate, both real and personal, either at public or private sale, we think the executor had no power to mortgage. It was held in *Jeffrey* v. *Hursh*, 49 Mich. 31 (12 N. W. 898), that a power of attorney to sell land does not authorize the attorney to mortgage it. In *Hannah* v. *Carnahan*, 65 Mich. 601 (32 N. W. 835), it appeared that a wife conveyed certain real estate to her husband in trust for their minor children, declaring the conveyance to be for their use and benefit, and that of their heirs and assigns, forever. The husband was authorized to sell and convey the property, in his discretion, and to reinvest the moneys received on such sale for the benefit of the children; and, in case he survived his wife, to control and govern the property the same as if he held it in fee. After the death of the wife the husband sold the land, and invested a portion of the proceeds in part payment for other property, securing the balance of the purchase price by a mortgage on the land, which he afterwards incumbered by a second mortgage to the same mortgagee to secure a loan of $600, which sum he used and lost in his business. All of the deeds and mortgages were duly recorded. No charge of fraud or collusion on the part of the mortgagee was claimed. In a proceeding to foreclose both mortgages the court below allowed a foreclosure of the purchase-money mortgage, and decreed the second mortgage void. In affirming this decree, it was held by this court that the wife did not intend to give the husband unlimited control of the property, but he was to hold it expressly in trust, which trust appeared plainly on the face of his deed, and must be considered notice to the mortgagee; consequently that, the purchase price of the premises bought with a portion of the trust fund not exceeding such fund, the purchase-price mortgage was an investment warranted under the trust; but, had such price been in excess of the fund, such investment would have plainly exceeded the power of the trustee.

In *Penfold* v. *Warner*, 96 Mich. 179 (55 N. W. 680, 35 Am. St. Rep. 591), it was held that a power of attorney

to sell and convey land will be strictly construed, and cannot be enlarged by construction.

The leading case in this country upon this subject is *Bloomer* v. *Waldron*, 3 Hill, 364. There the testator devised particular estates for life to his wife and one Pelletreau, successively, for their support and maintenance, and for the support and maintenance of his wife's three daughters, with remainder to the three daughters in fee. He then gave a power, first, to his wife, and afterwards to Pelletreau, to sell the land, and invest the money arising from the sale for the support of the parties aforesaid; the power to be exercised only upon the written consent of Aaron Burr. Under this power the widow, with the consent of Aaron Burr, executed a mortgage for the support of herself, her three daughters, and Pelletreau. The court held, after a full review of the authorities, that the mortgage was void as against the fee tenants.

The above case was followed by the supreme court of Missouri in the case of *Price* v. *Courtney*, 87 Mo. 387 (56 Am. Rep. 453). In that case the testatrix appointed her husband her executor, and devised and bequeathed all of her property to him in trust for their children, with full power to carry on her business, and to sell and convey, etc. The will also contained the following:

" It is my desire that in and about the entire management and control of my said property that the said Courtney shall have full power to do with the same as I would were I living."

It was held that the will gave the executor no power to mortgage the property.

These cases were expressly approved and followed in *Hannah* v. *Carnahan, supra.*

It is provided by the statute of this State (section 8840, 3 Comp. Laws) that:

" A devise of lands to executors or other trustees to be sold or mortgaged, when such trustees are not also empowered to receive the rents and profits, shall vest no estate in the trustees, but the trust shall be valid as a

power, and the lands shall descend to their heirs, or pass to the devisees of the testator, subject to the execution of the power."

This statute was copied from New York. In *Delafield* v. *White*, 19 Abb. N. C. 104, it appeared that a testatrix devised all her lands to her executors, in trust for certain purposes therein named. By a subsequent clause she gave certain parcels to two nieces for life, with remainder over. Finally the will empowered the executors to sell the property whenever, in their judgment, they should deem it best, and invest the proceeds, and pay the income to the two nieces, and, upon the death of either, to pay her share of the principal as above directed. It was held that, under the above statute, the executors took a mere naked power to sell.

It appears in the present case that the land is not even devised to the executor. It is expressly devised to Sarah Ann Trumbull for life, with remainder to Albert D. Trumbull, Jr. Warren, the executor, had but a mere naked power in trust to sell. As was said in *Bennett* v. *Chapin*, 77 Mich. 538 (43 N. W. 896, 7 L. R. A. 377):

"It is well settled that, when a bare power of sale is given to the executors merely to sell the lands for the purpose of paying over the proceeds to devisees, whose right, under the will, to such proceeds, is an absolute and vested right, all such devisees may collectively, before the power of sale is exercised, elect to take the land, instead of the proceeds, and thus prevent a sale."

Here it is shown that Sarah Ann Trumbull objected from time to time to the selling of the lands; but it appears the executor had advanced her $115, and, finding that she would not consent to a sale of the lands, placed the mortgage on them for the $200, and repaid himself the $115 which he had loaned her.

The court below awarded decree of foreclosure. This decree must be reversed, and a decree rendered in this court dismissing complainant's bill, with costs of both courts.

The other Justices concurred.