CITY RESCUE MISSION *v.* THE FIRST STATE BANK.

JUDGMENT—EQUITY FORECLOSURE—RES JUDICATA.

> Decree in equity suit in which original and successor trustees and plaintiff were made parties in suit to foreclose mortgage on property deeded in trust for charitable purpose *held, res judicata* of suit by plaintiff to set aside mortgage, allegedly invalid, foreclosure proceedings and circuit court commissioner's deed based thereon and subsequent conveyances.

SHARPE, POTTER, and CHANDLER, JJ., dissenting.

Appeal from Ottawa; Brown (William B.), J., presiding. Submitted March 19, 1937. (Docket No. 137, Calendar No. 39,387.) Decided June 7, 1937.

Bill by City Rescue Mission, a Michigan ecclesiastical corporation, against First State Bank, a Michigan corporation, Paul E. Cholette, and the Salvation Army, a corporation, to set aside a mortgage, a commissioner's deed and other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Nelson A. Miles* and *Dilley & Dilley* (*Raymond L. Smith* and *Arthur Van Duren,* of counsel), for plaintiff.

*Diekema, Cross & Ten Cate,* for defendant bank.

*Martin Verdier,* for defendant Salvation Army.

*Paul E. Cholette,* in *pro. per.*

FEAD, C. J. The defendant First State Bank foreclosed its mortgage in chancery, making the original trustees, their successors and plaintiff parties to

the suit, originally or upon petition and order adding them as parties, and had decree of foreclosure. In my opinion, this decree is *res judicata* of the present suit and the decree dismissing the bill is affirmed, with costs.

North, Wiest, Butzel, and Bushnell, JJ., concurred with Fead, C. J.

Potter, J. (*dissenting*). The City Rescue Mission, plaintiff, of the city of Holland, an ecclesiastical corporation organized under the laws of the State of Michigan, May 15, 1934, "for the purpose of sustaining and carrying on of the rescue mission work in the city of Holland and vicinity, and the purchase and ownership of the necessary property and suitable building to that end, including the maintaining and conducting in general the matters and diffusion of oral and religious knowledge," filed its bill of complaint to set aside a real estate mortgage, a circuit court commissioner's deed based upon the foreclosure and sale of the property covered by such mortgage, and all subsequent conveyances of the property, upon the ground the mortgage sought to be foreclosed was invalid. From a decree for defendants, plaintiff appeals.

Nellie Churchford was a resident of Holland and opened and conducted what she called a "Rescue Mission." This rescue mission had no officers, no roster of membership, no charge for attendance. It had no constitution and by-laws. It was a voluntary, unincorporated association,—if it was anything more than Nellie Churchford who was doing business under the assumed name of "Holland Rescue Mission." Such assumed name was not registered. The people of Holland and vicinity were interested in her work and a considerable amount of

money was raised and a piece of real estate upon which was an old dwelling house was acquired. The deed to this property from the grantors conveyed and warranted to Con DePree, August H. Landwehr and Nellie Churchford, of Holland, Michigan, "as trustees, for the Holland Rescue Mission, the premises to be perpetually used by such mission for rescue mission purposes." There was a provision in the deed that when any trustee died, resigned or became disqualified for any reason, the remaining trustees should appoint a successor. The real estate was conveyed, together with the right of second party to build over and above, 12½ feet west of the acquired premises, the second story of any building which second party might build.

The City Rescue Mission, in order to have been vested with any title or interest in the property, must have received a conveyance of the title and interest originally conveyed by the grantors in the deed in question to Con DePree, August H. Landwehr and Nellie Churchford, as trustees of the Holland Rescue Mission. The bill of complaint alleges that Con DePree, Isaac Kouw and Nelson A. Miles, as trustees for the Holland Rescue Mission, conveyed by warranty deed the above described premises to the City Rescue Mission, of Holland, Michigan, a Michigan ecclesiastical corporation. This is admitted by the answer. Plaintiff's right to maintain this bill of complaint depends upon its title as conveyed by such deed.

The original conveyance from Lucas Smith and Martje Smith, his wife, to Con DePree, August H. Landwehr and Nellie Churchford, of Holland, Michigan, as trustees for the Holland Rescue Mission, the premises to be perpetually used by such mission for rescue purposes, created a valid trust.

By chapter 63, R. S. 1846, it was provided that uses and trusts, except as thereby authorized and modified, were abolished. 3 Comp. Laws 1929, § 12967.

Trusts in real estate are express or implied. If the trust in this case is anything, it is an express trust. 3 Comp. Laws 1929, § 12977. Among the purposes for which express trusts might be created under chapter 63, R. S. 1846, was (one) for the beneficial interest of any person or persons where such trust is fully expressed and clearly defined upon the face of the instrument creating it, subject to the limitations as to time prescribed therein. 3 Comp. Laws 1929, § 12977. Under this statute, trusts for religious and charitable purposes were held subject to the provisions of the statute against suspending the power of alienation for more than two lives in being and, as a result, Act No. 280, Pub. Acts 1915 (3 Comp. Laws 1929, §§ 13512–13515), was enacted. And under this statute no such grant as that provided in the deed from the Smiths to Con DePree and others, as trustees, "shall be invalid by reason of the indefiniteness or uncertainty of the object of such trust or of the persons designated as the beneficiaries thereunder in the instrument creating the same, nor by reason of the same contravening any statute or rule against perpetuities." 3 Comp. Laws 1929, § 13512. If in the grant there was a trustee named to execute the same, and about this there can be no question, "the legal title to the lands or property given, granted, devised or bequeathed for such purposes, shall vest in such trustee." 3 Comp. Laws 1929, § 13512. The trust created by the deed from the Smiths to DePree, Landwehr and Churchford, as trustees for the Holland Rescue Mission, created a valid trust. Plaintiff's

right depends upon a warranty deed from the successors of such trustees.

"When the trust shall be expressed in the instrument creating the estate, every sale, conveyance, or other act of the trustees, in contravention of the trust, shall be absolutely void." 3 Comp. Laws 1929, § 12987.

Plaintiff took no title by such deed.

Notice of a trust will be imputed to a purchaser when there is any declaration or recital in the deeds through which he must deraign title, either asserting the existence of the trust or sufficient to incite inquiry in a man of common prudence where such inquiry if pursued would have revealed the existence of the trust. 1 Perry on Trusts (6th Ed.), §§ 223–224.

The recording of a deed is made notice to all subsequent purchasers, though it frequently happens that purchasers have no actual knowledge from the record; but that does not rebut the fact of notice, for the reason that it is their duty to examine the records. They are, therefore, conclusively affected with notice of all of the record which is legally made, and which it was their duty to examine. 1 Perry on Trusts (6th Ed.), § 223. The deed from the Smiths to DePree, Landwehr and Churchford, as trustees, was duly recorded in the office of the register of deeds of Ottawa county.

If the grantee of a trustee purchased with notice of the trust, actual or implied, unless the sale or transfer to him was authorized, he, if he acquires any title whatever, merely takes the place of his grantor and becomes chargeable with the execution of the trust to the same extent that such grantor was chargeable before such transfer. *Ryan* v. *Doyle,* 31 Iowa, 53; *Stewart* v. *Chadwick,* 8 Iowa, 463; *Jones* v. *Shaddock,* 41 Ala. 262; *Webster* v. *French,* 11 Ill. 254; *Hagthorp* v. *Hook,* 1 Gill & J. (Md.) 270;

*Murray* v. *Ballou,* 1 Johns. Ch. (N. Y.) 565; *Shepherd* v. *M'Evers,* 4 Johns. Ch. (N. Y.) 135 (8 Am. Dec. 561); *Pinson* v. *Ivey,* 1 Yerg. (9 Tenn.) 296; *Heth* v. *Railroad Co.,* 4 Grat. (45 Va.) 482 (50 Am. Dec. 88); *Lincoln* v. *Purcell,* 2 Head (39 Tenn.), 143 (73 Am. Dec. 196); *Tobin* v. *Helm,* 4 J. J. Marsh. (27 Ky.) 288.

The trust being expressed in the instrument above mentioned creating the estate, every sale, conveyance or other act of the trustees in contravention of the trust was void. 3 Comp. Laws 1929, § 12987. The trust was inalienable and indestructible except by transfers not in contravention of the trust, and the courts have no power to authorize an inhibited conveyance to be made. *Douglas* v. *Cruger,* 80 N. Y. 15; *Cruger* v. *Jones,* 18 Barb. (N. Y.) 467. Validity cannot be imparted to a conveyance in contravention of a trust by the mere fact it appears on its face to be made in pursuance to the trust. *Griswold* v. *Perry,* 7 Lansing (N. Y. Sup. Ct.), 98; *Briggs* v. *Davis,* 20 N. Y. 15 (75 Am. Dec. 363).

To entitle a purchaser or a mortgagee from a trustee to hold the property discharged from the trust, it is necessary that such purchaser or mortgagee be an innocent purchaser in good faith for a valuable consideration. *Paul* v. *Fulton,* 25 Mo. 156; 1 Perry on Trusts (6th Ed.), § 221. This is the rule fixed by 3 Comp. Laws 1929, § 12986. The trust created was declared in the conveyance to the trustees. Those who acquired title by conveyance of such trustees must be held to have had notice of the trust, and, under 3 Comp. Laws 1929, § 12987, the mortgage in question, being in contravention of the trust, must be held to have been absolutely void. Foreclosure of a void mortgage conveys no title to the purchaser at a mortgage sale held thereunder. *Ex nihilo, nihil fit.* The mortgagees, having notice of the trust, could not take the mortgage thereon

and foreclose and enforce the same against the property because there was no power in the trustees to execute such mortgage. *Hannah v. Carnahan,* 65 Mich. 601.

Plaintiff acquired no title to the premises by the warranty deed from the trustees to it. The bank acquired no title by the foreclosure of the mortgage to it. The Salvation Army could acquire no title either from the trustees of the property or as purchasers from those who sought to acquire it at the mortgage sale. Under the facts, the title to the trust property remained in the trustees DePree, Landwehr and Churchford, and their successors duly chosen. Such trustees have attempted to mortgage the property and convey the title thereto. This amounts to a renunciation of the trust. The court of chancery under such circumstances may in its discretion appoint new trustees or cause the trust to be executed by one of its officers under its direction. 3 Comp. Laws 1929, §§ 12990–12993.

It is the invariable practice of courts of equity not to allow legal and valid trusts to fail for want of a trustee. Therefore, courts will appoint trustees in such cases to take up and carry out the clear purposes of the donor. 2 Perry on Trusts (6th Ed.), § 722.

Where the trust has been declared or established, or the trustee has accepted the trust, equity, so long as it is possible for it to do so, will not permit the trustee to defeat the trust by his wrongful acts, but will afford relief by compelling a faithful execution of the trust for the preservation and enforcement of rights depending upon and derivable from it. 65 C. J. p. 950. Any *cestui que trust* may invoke the aid of a court of equity to have wrongful acts of the trustee affecting the trust property set aside. Whether or not such acts constitute actual fraud or result in loss to the *cestui que trust,* he may invoke

the aid of a court of equity to set aside any convey-ance of the trust property disposed of contrary to terms of the trust, or to cancel the deed of the trust property made by the trustees without authority. 65 C. J. p. 952.

" 'It is a well settled principle in equity that a trust shall not fail for want of a trustee. Equity never suffers a trust to fail on account of the neglect or refusal of the trustee to act.' "  *Thatcher* v. *St. Andrew's Church*, 37 Mich. 264, 270.

The chancellor should either direct the trustees named in the deed of May 20, 1926, from Smith and wife to DePree, Landwehr and Churchford, as trus-tees for the Holland Rescue Mission, or their suc-cessors, to proceed to set aside the warranty deed of the premises conveyed to them as trustees, to the City Rescue Mission, plaintiff, and to set aside the mortgage given to The First State Bank, of Hol-land, and all proceedings had thereunder for the foreclosure of the same, and the sale of the premises at such foreclosure sale,—or should appoint a trus-tee of the express trust created by the deed of May 20, 1926, from Smith and wife to DePree, Landwehr and Churchford, as trustees for the Holland Rescue Mission, in the place of DePree, Landwehr and Churchford and their successors, to set aside such deed, mortgage, foreclosure and sale, and to re-establish and enforce the trust created and defined in the deed of the Smiths to DePree, Landwehr and Churchford, as trustees.  Such disposition of the controversy is warranted by the inherent power of equity to preserve the trust created, by the statutes, 3 Comp. Laws 1929, §§ 12990–12993 and §§ 13903–13909, authorizing the court to make binding dec-larations of rights.  No costs.

Sharpe and Chandler, JJ., concurred with Potter, J.