*In re* ELLISON ESTATE

KEIDAN v NEW DELMAR, INC

Docket No. 87101. Submitted June 5, 1986, at Lansing. Decided December 1, 1986.

Petitioners, John Ellison and Anthony Leo Ellison, sons of Helen Ellison, deceased, and Bruce H. Keidan, were appointed personal representatives of the estate of Helen Ellison by the Washtenaw Probate Court. Petitioners leased certain real property in the estate to respondents, New Delmar, Inc., and Irene Bartolo. The will granted the personal representatives the power to "do any and all things necessary for the administration of [the] estate, including the power to . . . mortgage and/ or sell . . . any real . . . property." The personal representatives petitioned the court to void the leases. The court, Rodney E. Hutchinson, J., denied the petition. The personal representatives appealed.

The Court of Appeals *held:*

The power to mortgage and sell real property given in a will to the personal representative of an estate includes the power to lease the property.

Affirmed.

M. J. KELLY, P.J., concurred in the result on the facts of this case but would hold that, without more, the mere power to mortgage and sell real property given in a will to the personal representative of an estate does not include the power to lease the property.

OPINION OF THE COURT

1. WILLS — JUDICIAL CONSTRUCTION — POWERS OF PERSONAL REPRESENTATIVE — LEASES.

The power to mortgage and sell real property given in a will to the personal representative of an estate includes the power to lease the property.

REFERENCES

Am Jur 2d, Wills §§ 1122, 1127 *et seq.*

See the annotations in the Index to Annotations under Wills.

2. WILLS — JUDICIAL CONSTRUCTION — POWERS OF PERSONAL REPRE-
SENTATIVE — LEASES.

> Without more, the mere power to mortgage and sell real property
> given in a will to the personal representative of an estate does
> not include the power to lease the property.

*Goldstein, Serlin, Eserow & Steinway, P.C.* (by
*Stewart Goldstein* and *Barry M. Rosenbaum*), for
petitioner.

*Cross, Wrock, Miller & Vieson* (by *James W.
Metz*), for respondent.

Before: M. J. KELLY, P.J., and D. E. HOLBROOK,
JR., and T. M. GREEN,* JJ.

PER CURIAM. Petitioners appeal as of right from
a probate court's order denying their petition to
void two leases. The instant action deals with
whether the petitioners, as personal representa-
tives of the estate of Helen Ellison, had the au-
thority to enter into leases of real estate devised in
the will. Petitioners are now attempting to have
these leases voided.

First, petitioners argue that the will did not
empower them to lease the property but only
bestowed the power to mortgage and sell. Petition-
ers contend that the power to mortgage and sell
does not include the power to lease. We disagree.
Petitioners are relying upon *Parkhurst v Trum-
bull*, 130 Mich 408; 90 NW 25 (1902), which re-
fused to permit an executor to mortgage property
he was empowered to sell. *Parkhurst*, however, is
distinguishable because the court therein was con-
cerned with keeping the property free from en-
cumbrances.

Furthermore, we find that the executors acted

---

* Circuit judge, sitting on the Court of Appeals by assignment.

within their sphere of authority. The relevant portion of the will stated:

> [My personal representatives] shall have full power in their discretion to do any and all things necessary for the complete administration of my estate, including the power to operate the business, to mortgage and/or sell at public or private sales, and without Order of the Court, any real or personal property belonging to my estate and to compound, compromise or otherwise to settle or adjust any and all claims, charges, debts and demands whatsoever against or in favor of my estate as fully as I could do so if living.

We find that this clause of the will granted the executors sufficient authority to lease the property. We do not find the probate court's judgment to be erroneous. *In re Wojan Estate,* 126 Mich App 50; 337 NW2d 308 (1983), lv den 418 Mich 873 (1983). Additionally, we note that petitioners herein are also the persons who eventually inherited. In such a case we find it difficult to perceive how any harm could come from their actions.

As petitioners' other arguments are based on the assumption that the will does not empower the administrators with the proper authority, we need not address these issues.

Accordingly, we affirm the probate court's decision.

Affirmed.

M. J. KELLY, P.J. *(concurring).* I concur in the result reached by the majority. I am not prepared to say that, in all cases where a will contains a grant of authority to the fiduciary to mortgage or sell, that grant inherently includes a power to lease. In this case, the will empowers the fiduciaries "to do any and all things necessary for the

complete administration" of the estate. After this broad grant of authority, the will states that the grant includes the power to operate the business and mortgage or sell real property. Given the sentence structure and the use of the word "including," I conclude that the decedent intended the enumerated powers to be illustrations of the fiduciaries' powers rather than limitations thereon.