[No. 13998. Department Two. — January 30, 1891.]

## LEWIS B. HARRIS, APPELLANT, v. SAN DIEGO FLUME COMPANY, RESPONDENT.

PRINCIPAL AND AGENT — OSTENSIBLE AUTHORITY. — To make a case of ostensible authority, the act giving color of authority to the supposed agent must be known to the person who dealt with him, and must induce a belief in the mind of such person that the authority exists. If he does not know of any facts giving color of authority to the supposed agent, but relies wholly upon the statements of the latter as to the existence of his authority, he cannot recover, although facts existed which, had he known them, might have justified belief in the existence of the authority.

ID. — BURDEN OF PROOF. — The party maintaining that an ostensible authority existed must prove that he knew of the facts giving color of authority to the supposed agent. A mere surmise that he knew them is not sufficient.

PRINCIPAL AND AGENT — IMPLIED AUTHORITY — BURDEN OF PROOF. — While an agent has implied authority to do everything necessary, or proper and usual, in the ordinary course of business, for effecting the purpose of his agency, the party maintaining the existence of the agency must make it appear that the thing done was necessary, or proper and usual, etc.

ID. — JUDICIAL NOTICE. — The court cannot know judicially that the employment of a high-priced broker is necessary, or proper and usual, in the ordinary course of business, to get a contractor to enter into a contract for building a flume.

APPEAL from a judgment of the Superior Court of San Diego County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Deakin & Story,* and *Thomas J. Capps,* for Appellant.

The agent of the defendant had authority to employ the plaintiff. (Civ. Code, secs. 2319, 2320; 2 Morawetz on Corporations, secs. 585, 586; *San Francisco Gas Co.* v. *San Francisco,* 9 Cal. 470; *Pixley* v. *Western Pacific R. R. Co.,* 33 Cal. 188; 91 Am. Dec. 623.) The actual authority of an officer of a corporation does not depend so much on his title, or the theoretical nature of his office, as on his apparent authority, and the duties he is in the habit of performing. (Taylor on Corporations, sec. 202; 2 Morawetz on Corporations, secs. 509, 578, 579, 616.)

*Shaw & Holland,* for Respondent.

HAYNE, C.— This was an action to recover five thousand dollars as brokerage for negotiating a contract. The complaint contained two counts, but the plaintiff elected to go to trial upon a *quantum meruit.* The trial court gave judgment for the defendant, and the plaintiff appeals.

The principal question discussed by counsel relates to the authority of the person who employed the plaintiff.

The defendant was a corporation "to construct and operate a flume for the transmitting of water." At the period in question its flume had not been constructed.

The engineering work was being done, and the business of acquiring rights of way, etc., was being attended to. In the beginning of August, 1886, the company sent its superintendent, one W. E. Robinson, to San Francisco to negotiate a contract for the construction of the flume. He employed the plaintiff as broker to find a contractor, and through the plaintiff's exertions a suitable person was found. The claim is for compensation for services as such broker.

1. The defendant cannot be held on the ground of ostensible or apparent authority. There is evidence to the effect that in the county of San Diego Robinson was permitted by the company to do things outside of his ordinary duties as superintendent. And the plaintiff's son, who was an engineer in the employment of the company, testified that on the eve of Robinson's departure for San Francisco the president told him that Robinson "had full authority" to enter into contracts. This latter evidence is contradicted. The former is not. But neither is ground for a decision in favor of plaintiff on the theory of an ostensible or apparent authority; for it does not appear either that the alleged statement of the president was communicated to the plaintiff, or that he was aware of the latitude which had been permitted Robinson in San Diego. It may possibly be surmised that he had

knowledge of the circumstances; but the fact is not stated, and a mere surmise is not sufficient. "Ostensible authority is such as a principal, intentionally or by want of ordinary care, causes or allows a third person to believe the agent to possess." (Civ. Code, sec. 2317.)

There are two essential features of an authority of this character; viz., the party must believe that the agent had authority, and such belief must be generated by some act or neglect of the person to be held. A belief founded on the agent's statements is not sufficient; for a party has no right to take the agent's word for the existence of his authority. In the case before us, as above stated, it does not appear that the acts of the company which are supposed to have been sufficient to justify a belief in Robinson's authority were known to the plaintiff; and if not, they could not have generated in his mind any belief on the subject of the agency.

There may be other reasons why the plaintiff cannot recover on this ground, but the one given is sufficient.

2. There was no actual authority, either express or implied. The measure of the agent's authority was the following resolution of the board of directors of the company: —

"*Resolved,* That W. E. Robinson be authorized to proceed to San Francisco and enter into negotiations with contractors and others for work on the line of the flume, in his discretion, subject to the approval of this board; also, that he be authorized to enter into negotiations with capitalists for the purchase of not exceeding five hundred thousand dollars in the bonds of the company."

Nothing appears to have been done by the plaintiff in relation to the disposition of the bonds. His claim is for finding a contractor who was willing to enter into a contract for the building of the flume. In the language of appellant's counsel, "for the peculiarly difficult and rare services rendered by him in introducing and assisting in procuring Mr. Moore to take this contract, the

plaintiff claims the moderate commission of five thousand dollars."

In relation to this, we concede, in favor of the appellant, that the words "subject to the approval of this board," contained in the resolution, refer only to the contract for the construction of the flume, which was to be negotiated by Robinson, and that he had implied authority "to do everything necessary, or proper and usual, in the ordinary course of business, for effecting the purpose of his agency." (Civ. Code, sec. 2319.)   But we are not able to say that the employment of a high-priced broker is "necessary, or proper and usual, in the ordinary course of business," for finding a contractor to build a flume. At least we do not think that the court can take judicial notice that such is the case; and we do not find any satisfactory evidence of it in the record.   There is evidence that it was a matter of some difficulty to induce contractors to go to so distant a field of action, and some evidence that the plaintiff's services had a value.   But the latter evidence seems to be on the general theory that whatever a broker does has a value.   Upon the whole evidence, we cannot say that the finding of the trial court should be disturbed.

3. The defendant cannot be made liable upon the theory that it appropriated the benefit of the plaintiff's services.   The unauthorized arrangement made by Robinson with the plaintiff was collateral to the flume contract, and the defendant knew nothing of such services at the time the flume contract was entered into.

The other matters do not require special attention.

We therefore advise that the judgment and order appealed from be affirmed.

BELCHER, C., and VANCLIEF, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.