[No. 15401.   Department Two.—December 4, 1894.]

ADAM BROWN, RESPONDENT, v. CHARLOTTE D. ROUSE, APPELLANT ET AL., DEFENDANTS.

HUSBAND AND WIFE—INVALID MORTGAGE OF WIFE'S LAND—RATIFICATION OF LOAN—MISTAKEN BELIEF OF WIFE.—Where a mortgage of the wife's land under a power of attorney to her husband is rendered invalid by her failure properly to acknowledge the power of attorney, and the husband receives the sole benefit of the money loaned, except a portion of it which was paid in discharge of a prior mortgage upon her land, the wife cannot be held to have ratified the loan of the money as distinct from the invalid mortgage by reason of her acquiescing in a payment by her agent of two installments of interest on the note and mortgage under the full belief on her part that the mortgage was binding upon her.

ID.—KNOWLEDGE OF RIGHTS ESSENTIAL TO RATIFICATION.—It is of the very essence of ratification that it be done advisedly, with full knowledge of the party's rights.

ID.—ASSUMES AGENCY—DUTY OF INQUIRY.—One who deals with an assumed agent of a married woman whom he has not seen should make careful inquiry as to the validity and scope of the agency.

ID.—PAYMENT OF PRIOR MORTGAGE—LIABILITY OF WIFE.—It seems that under appropriate pleadings and findings the wife may be held liable to reimburse the amount of money paid to discharge a prior valid mortgage upon her land, by one who has advanced money to her husband upon an invalid mortgage.

APPEAL from a judgment of the Superior Court of Santa Clara County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*John H. Durst, Jacobs & Wolf,* and *William A. Bowden,* for Appellants.

There was no ratification by the defendant, as she did not receive any of the money from the ostensible agent, German Rouse. (Civ. Code, sec. 2310; 1 Am. & Eng. Ency. of Law, 434, and cases cited.)

*W. C. Kennedy,* for Respondent.

Charlotte D. Rouse, having received and used all the money, having immediate and full knowledge of the loan, and afterwards paying the interest for two differ-

ent terms during the space of a year after the loan, ratified and confirmed the making of the note as fully and completely as though it was her original note. (1 Am. & Eng. Ency. of Law, 429, 438, note; *Davis* v. *Krum*, 12 Mo. App. 279; *Silverman* v. *Bush*, 16 Ill. App. 437; *Harrod* v. *McDaniels*, 126 Mass. 413; *Wallace* v. *Lawyer*, 90 Ind. 499; *McDowell* v. *McKenzie*, 65 Ga. 630; *Smith* v. *Tracy*, 36 N. Y. 79, and authorities cited in 1 Am. & Eng. Ency. of Law, 437, note 1; *Beall* v. *January*, 62 Mo. 434; *Perkins* v. *Boothby*, 71 Me. 91; *Clark* v. *Van Riemsdyk*, 9 Cranch, 153; *Parish* v. *Reeve*, 63 Wis. 315; 1 Daniel on Notes & Bills, secs. 32, 310, 319; Wharton on Agency, sec. 88; *Long* v. *Colburn*, 11 Mass. 97; 6 Am. Dec. 160; *Commercial Bank* v. *Warren*, 15 N. Y. 577; *Ward* v. *Williams*, 26 Ill. 447; 79 Am. Dec. 385.)

McFARLAND, J.—This case was here on a former appeal. (*Brown* v. *Rouse*, 93 Cal. 237.)

The original complaint alleged these facts: On November 18, 1887, the defendant, Charlotte Rouse, a married woman, by her alleged attorney in fact, G. M. Rouse, who was her husband, made and executed to plaintiff her promissory note for $1,200, and a mortgage to secure the same on certain land which was her separate property, situated in Santa Clara county, California. She properly acknowledged the power of attorney under which the mortgage was executed, but the notary neglected to recite in his certificate that she was examined apart from her husband, etc. At that time there was a previous mortgage on the land for $400, executed by said Charlotte to one Davis; and, at the time of the execution of the mortgage sued on, the said Davis mortgage was satisfied out of the $1,200 for which said mortgage sued on was given. It was alleged that said Charlotte "procured plaintiff to pay and satisfy said (Davis) lien and mortgage," and that he did pay it at her request. The prayer of the complaint was that the certificate of the notary be corrected; that plaintiff be subrogated to the rights of Davis under his mortgage, and that the

mortgaged premises be sold, all the parties defendant foreclosed, and a deficiency judgment docketed against the said Charlotte. The court found that the said power of attorney gave the husband no right to make said note and mortgage. It also found that the Davis mortgage had been paid by plaintiff, but that the payment was voluntary, and denied the subrogation. The court, however, gave a personal judgment for plaintiff against Charlotte for the amount of the note. Upon appeal the judgment was reversed for the reasons stated in the opinion. (*Brown* v. *Rouse,* 93 Cal. 237.)

When the case went back to the superior court the plaintiff amended his complaint, by inserting therein the averments "that on the eighteenth day of November, 1887, plaintiff above named *loaned* to said Charlotte Rouse, in United States gold coin, the sum of $1,200," which she promised to repay, but had not repaid. The complaint otherwise remained as it had been. The court found, as before, that the power of attorney gave the husband of the said Charlotte no power to make said note and mortgage, and that plaintiff was not entitled to be subrogated to the rights of said Davis. It found, however, that on November 18, 1887, said G. M. Rouse, assuming to act for the said Charlotte, borrowed from plaintiff $1,198, and gave him the said note for $1,200, and executed said mortgage, and that said Charlotte ratified and confirmed said loan by causing two installments of interest to be paid thereon. It was also found that of the money borrowed by G. M. Rouse from plaintiff, $481.65 were paid in satisfaction of said prior mortgage to said Davis. Upon these findings a personal judgment is entered against said defendant, Charlotte, for the amount of said loan with interest, amounting to $1,510.68. From this judgment, and from an order denying a new trial, the said defendant, Charlotte D. Rouse, appeals. A motion was submitted here to dismiss the appeal on account of alleged insufficiency of the undertaking on appeal, which motion is denied.

Appellant's counsel argues strenuously that under our

statutes a cause of action for borrowed money not covered by a mortgage cannot be united with a cause of action for the foreclosure of a mortgage; also, that the alleged borrowed money is a new cause of action, and cannot be presented as an amendment; and also that, under any view, the action for borrowed money, independent of the note and mortgage, was not brought until the said amendment was made to the complaint, and that then the two years' period of limitation had barred it. (See *Anderson* v. *Mayers*, 50 Cal. 525.) We do not, however, deem it necessary to pass definitely upon these points, because we agree with appellant's contention that the evidence does not support the finding that appellant ratified and confirmed the alleged loan made by her husband from plaintiff.

This question depends more upon the correct conclusion to be drawn from facts proven than upon a correct weighing of conflicting evidence. The court below deduced the conclusion that appellant ratified the original loan from the facts that she allowed her agent to pay two installments of interest upon the note and mortgage; and we think that the conclusion was erroneous. During these transactions appellant lived in Oregon. She had an agent in Santa Clara county, California, where the mortgaged premises were situated, who collected rents, paid taxes and expenses, etc., for her. The note and mortgage bore interest payable every six months, and her agent paid the two first installments of interest and included the same in the stated accounts which he sent to her in Oregon, and it appears that she acquiesced in the accounts. But it abundantly appears that she thought that the payments were made on the note and mortgage—as they, in fact, were—and that she supposed the note and mortgage were valid instruments which effectually bound her, and from which she could not escape. When asked if she acquiesced in the execution of the mortgage, appellant said: "I was obliged to. It was done; he had the money and I could not help myself." She consented to

the two payments of interest, not as interest upon a mere verbal loan made by her husband, but as interest on a genuine note and mortgage executed in her name, and which bound her firmly and irrevocably. Now, it is an inherent element of ratification that the party to be charged with it must have fully known what he was doing. In *King* v. *Lagrange,* 50 Cal. 332, the court say: "If ignorance or mistake of law should enlarge the estate transferred by the executor's deed it should excuse her, for the very essence either of an election or ratification is that it is done advisedly, *with full knowledge of the party's rights."* The case at bar does not involve the principle that ratification will be strongly presumed against one who has accepted and had the beneficial use of the property or money involved in the transaction. With the exception of the amount paid on the prior Davis mortgage (which will be noticed hereafter) appellant did not receive or have the benefit of any of the money obtained from plaintiff by her husband. He kept it all himself, and shortly afterwards deserted her. Neither is there any element of estoppel here; appellant did not fraudulently induce plaintiff to loan money to G. M. Rouse. Plaintiff, no doubt, feels aggrieved; but one who deals with an assumed agent of a married woman whom he has never seen should certainly make careful inquiry as to the validity and scope of the agency.

As to the $481.65 which went to satisfy the Davis mortgage, it would certainly be proper and just for appellant to pay it; and it is stated in appellant's brief that she is willing to pay it. We do not see, however, that in the present state of the case we can modify the judgment without making new findings. Perhaps, under appropriate pleadings and findings plaintiff could recover for the amount of the money that went to satisfy the said prior mortgage.

The judgment and order appealed from are reversed.

DE HAVEN, J., and FITZGERALD, J., concurred.