[Sac. No. 328. Department One.—March 4, 1898.]

## ELIZABETH A. RODGERS, etc., Respondent, v. WILLARD G. PECKHAM et al., Appellants.

MORTGAGE—RECORD OF ASSIGNMENT—SUBSEQUENT PAYMENT TO MORTGAGEE —CONVEYANCE IN SATISFACTION.—Construing together sections 2934 and 2935 of the Civil Code, the record of the assignment of a mortgage by the mortgagee operates as notice thereof to the mortgagor, so as to invalidate any payment made by him to the original mortgagee, after he has ceased to be a holder of the note and mortgage; and the mortgagor must be deemed to have constructive notice of the assignment, when thereafter conveying the mortgaged land to the mortgagee in payment of the note, and such payment and conveyance is not valid and binding upon the assignee of the notes and mortgage, though the mortgagor had no actual notice of the assignment.

ID.—ASSIGNMENT AS SECURITY—AGENCY—AUTHORITY TO MORTGAGEE TO COLLECT—CONVEYANCE IN SATISFACTION NOT AUTHORIZED.—The fact that the notes and mortgage were assigned by the mortgagor as collateral security, and that the assignee gave to the mortgagee verbal authority to collect money due on the notes held as collateral security, does

not tend to show authority from the assignee to the mortgagee to take the mortgaged land or anything but money in payment of the notes.

ID.—OSTENSIBLE AGENCY NOT SHOWN—LETTER OF AGENT OF ASSIGNEE.—A party maintaining that an ostensible authority existed must prove that he knew of the facts giving color of authority to the supposed agent; and a letter written by an agent of the assignee of the notes and mortgage to a third party subsequently to an unauthorized conveyance by the mortgagor to the mortgagee, in which an agency in the mortgagee to collect interest was recognized, does not tend to show ostensible agency in the mortgagee to receive the conveyance in satisfaction of the notes and mortgage, there being no proof that the mortgagor or mortgagee, or a purchaser from the mortgagee, had any knowledge of the existence of the letter.

ID.—RIGHTS OF PURCHASER FROM MORTGAGEE—CONSTRUCTIVE NOTICE.—A purchaser from the mortgagee, who received the unauthorized conveyance from the mortgagor in satisfaction of the notes and mortgage, has no greater rights against the assignee of the mortgage than those possessed by the mortgagee, but took with constructive notice of the mortgage, and that it had not been satisfied or discharged on the record, and held the land subject to the lien of the mortgage upon it in favor of the assignee.

ID.—CROSS-COMPLAINT TREATED AS AN ANSWER AT TRIAL—IMPROPER DEFAULT. Where a so called cross-complaint in an action to foreclose a mortgage was in effect only an answer, and was treated as such during the trial, the entry of plaintiff's default long after the trial, for not answering or demurring thereto, cannot aid the defendants upon appeal from a judgment in favor of the plaintiff.

APPEAL from a judgment of the Superior Court of Madera County and from an order denying a new trial.   W. M. Conley, Judge.

The facts are stated in the opinion.

Robert L. Hargrave, for Appellants.

Rodgers & Paterson, and Platt & Bayne, for Respondent.

BELCHER, C.—This is an action to foreclose a mortgage, given to secure payment of three non-negotiable notes, and the appeal is from the judgment of foreclosure and an order denying a new trial.

The action was commenced by Alexander Montgomery, but he died, and the executors of his will were substituted as plaintiffs in his place.   Subsequently the said notes and mortgage, by an

order of court, were duly distributed to the respondent, and she was substituted as plaintiff in place of the executors.

The material facts of the case are as follows: On June 25, 1888, defendant Thomas E. Hughes conveyed to defendant Willard G. Peckham the land described in the complaint, consisting of twenty acres, then situate in Fresno county, now in Madera county, and on the same day Peckham executed and delivered to Hughes the notes and mortgage on which this action is based. The mortgage was duly recorded on June 27, 1888.

On August 15, 1888, Hughes assigned the said notes and mortgage and several other notes and mortgages, to Montgomery, and the assignment was duly recorded on the 18th of the same month. This assignment was absolute in form, but it was made as collateral security for the payment of a certain ninety thousand dollar note and mortgage then held by Montgomery, and from the lien of which mortgage Montgomery on the same day released a portion of the lands covered by it. Neither Montgomery nor Hughes ever notified Peckham of this assignment. Shortly after the execution of the notes and mortgage of June 25, 1888, Peckham removed to Walla Walla, in the state of Washington, and has resided there ever since. In May, 1890, Hughes proposed to Peckham by letter that if the latter would reconvey to the former the land mortgaged, he, Hughes, would satisfy and cancel the notes and mortgages given therefor by Peckham. Peckham accepted this proposition, and on May 15, 1890, executed at Walla Walla and sent to Hughes a grant, bargain and sale deed of the said land. This deed was received by Hughes and duly recorded June 21, 1890. At the time of this transaction Hughes had forgotten that he had assigned the Peckham notes and mortgage to Montgomery, and was not attempting to act as the latter's agent. The said notes and mortgage were then in the possession of Montgomery, and he was in no way notified of Hughes' agreement to cancel and satisfy them. No payments were ever made on the notes, and the mortgage was never satisfied of record. Hughes had verbal authority from Montgomery to collect all sums due on the notes and mortgages held by the latter as collateral security, and when any sum was received by him he transmitted it to Montgomery, who indorsed it on the note on which the payment was made, and, when a note

was fully paid would indorse on it "paid," or "paid in full," and then return it.

On August 10, 1891, Hughes conveyed the said land by a grant deed to the defendant Josephine Leidig for and in consideration of the sum of fourteen hundred dollars, which was then paid by her to him, and she has ever since been the owner of the land.

At the time of the trial there was due and unpaid on the ninety thousand dollar note and mortgage the sum of eight thousand seven hundred and sixty-three dollars and fifty-seven cents, and on the notes in suit the sum of two thousand one hundred and thirty-two dollars and two cents, for which with costs and attorney's fees, judgment of foreclosure was entered.

The appeal was taken by the defendants, Peckham and Leidig, and their contention is that as the notes were non-negotiable, and as Peckham had no actual notice on the fifteenth day of May, 1890, or prior thereto, of the assignment of the notes to Montgomery, therefore, as the deed from Peckham to Hughes was based upon an agreement of Hughes that in consideration of the deed he would cancel the said notes and mortgage, Montgomery was bound by it. They further claim that section 2934 of the Civil Code provides that the record of the assignment of a mortgage is constructive notice only to persons subsequently deriving title to the mortgage from the assignor, and, therefore, that the record of the assignment of this mortgage was not notice to either Peckham or Leidig of the assignment; that the deed made by Peckham to Hughes on the 15th of May, 1890, was a payment of the notes, and, therefore, that the notes being paid the deed of August 10, 1891, from Hughes to Leidig, conveyed to the grantee a title free and clear of the lien of said mortgage. This contention cannot, in our opinion, be sustained.

The language of section 2934 is as follows: "An assignment of a mortgage may be recorded in like manner as a mortgage, and such record operates as notice to all persons subsequently deriving title to the mortgage from the assignor." And section 2935 of the same code also provides: "When the mortgage is executed as security for money due, or to become due, on a promissory note, bond or other instrument designated in the mortgage, the record of the assignment of the mortgage is not, of itself, notice to a mortgagor, his heirs or personal representatives, so as to in-

validate any payment made by them, or either of them, to the person holding such note, bond or other instrument."

It will be observed that section 2934 does not declare that the record of the assignment of a mortgage will operate as notice only to persons subsequently deriving title to the mortgage from the assignor, while the language used in section 2935 clearly imports that such a record would operate as notice to a mortgagor so as to invalidate any payment made by him to a person not holding the note or mortgage. And in such case, if a payment is so made, it must be treated as made at the risk of the party making it.

Here it appears that at the time of the transaction referred to Hughes was not the holder of the said notes or mortgage, but they were in the possession of Montgomery and held by him under the duly recorded assignment thereof. This being so, Peckham must be deemed to have had constructive notice of the assignment when he reconveyed the land to Hughes as a payment of the notes, and such payment was therefore not valid and binding upon Montgomery.

It is further claimed that Hughes, in making the agreement with Peckham for a reconveyance of the land, acted as the agent of Montgomery, and therefore when the agreement was executed Montgomery was bound by it. This claim is not supported by the evidence. It is true that Montgomery gave Hughes verbal authority to collect any money due on the notes held as collateral security, but there is no evidence in the record showing, or tending to show, that he ever authorized him to take the mortgaged land, or anything but money, in payment of the notes. And that at the time of the transaction Hughes was not acting, or pretending to act, as Montgomery's agent, is shown by the fact that he had then, as he testified, forgotten the assignment of the Peckham notes and mortgage to Montgomery and supposed he was acting for himself.

Counsel for appellants relies upon a letter written by W. F. Goad, as agent of Montgomery, to one W. H. Werfield, dated December 9, 1892, as showing ostensible agency in Hughes. But this letter was written more than two years after Peckham reconveyed the land to Hughes, and there is no proof that either one of the appellants ever had any knowledge of the existence of the letter. They cannot, therefore, rely upon the claim of ostensible

agency in Hughes, for, as held by this court in *Harris v. San Diego etc. Co.*, 87 Cal. 526, a "party maintaining that an ostensible authority existed must prove that he knew of the facts giving color of authority to the supposed agent." Besides, the letter does not show any agency beyond that expressed on its face, which was a right to collect interest.

Mrs. Leidig has no greater rights, as against the holder of this mortgage, than her grantor had. When she purchased the land she had at least constructive notice of the mortgage, and that it had not been satisfied or discharged on the record. She must, therefore, be deemed to have purchased at her peril, and to hold the land subject to the lien of the mortgage upon it.

Many other points are made and ably argued by counsel, but, if we are right in what has already been said, they do not require any extended notice.

The so-called cross-complaint of defendants was in effect only an answer, and was treated as such during the trial. The entry, more than six months after the trial, of the plaintiff's default for not answering or demurring thereto cannot, therefore, aid the appellants. The findings were sufficient and were justified by the evidence. They covered all the material issues raised by the pleadings and were not against law.

It follows that the judgment and order appealed from should be affirmed.

Searls, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Harrison, J., Van Fleet, J., Garoutte, J.

Hearing in Bank denied.