[L. A. No. 1356.    Department Two.—March 7, 1904.]

## JOHN J. LAMBERT, Appellant, v. JOHN GERNER, Respondent.

SPECIFIC PERFORMANCE—CONTRACT OF SALE—STATUTE OF FRAUDS—AGENCY—RATIFICATION—ESTOPPEL—IGNORANCE OF OWNER.—An alleged contract for the sale of real estate cannot be specifically enforced, where it was made by a real-estate agent whose authority was not in writing, and where there was no ratification of the contract in writing, nor any estoppel of the owner. He could not

ratify the contract without knowledge of its existence; nor could he be estopped to deny it where he received and retained nothing under it, and had no notice of it.

ID.—LETTERS NOT CONFERRING AUTHORITY—AGENCY NOT SHOWN.—Letters of the owner to the real-estate agent answering inquiries as to the owner's price for the land, but not giving him any power or authority concerning the disposal of his property, do not prove any written contract or agency. A person cannot make himself the agent of another by writing letters and acting as agent without the assent of the owner.

ID.—MEETING OF MINDS—ACCEPTANCE OF OFFER—CONDITIONS—WITHDRAWAL OF OFFER—WAIVER OF CONDITIONS.—An acceptance of an offer, in order to make a contract complete, must be unconditional, and it must be accepted as made. Where conditions are attached to the acceptance, and the offer is then withdrawn, it cannot be made binding by a waiver of the conditions insisted upon when the offer was made.

ID.—EVIDENCE—CUSTOM OF REAL-ESTATE AGENTS.—It was not error to exclude evidence of a local custom of real-estate agents which was not material to the case, and could not have affected the conclusions reached by the court.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a new trial. J. W. Ballard, Judge presiding.

The facts are stated in the opinion.

Louis Luckel, for Appellant.

Dunning & Craig, for Respondent.

GRAY, C.—This action was brought to enforce specific performance of an alleged contract for the conveyance of certain real estate situated in the city of Los Angeles, alleged to have been entered into between the defendant, John Gerner, and one Sabina A. Lanon. The plaintiff, Lambert, succeeded to the rights of Lanon, and was substituted for her as plaintiff herein. The defendant had judgment in the court below, and plaintiff appeals from the same and from an order denying his motion for a new trial.

The court found "that defendant never agreed to sell said real estate to plaintiff for any sum or at all"; and it is with this finding that the judgment must stand or fall. At the trial plaintiff sought to establish the contract sued on by the intro-

duction in evidence of certain letters, passing between de-
fendant and a real-estate agent named Obear, and a written
receipt and contract given by Obear to Lanon.    The first
letter pertinent to the case was written by Obear to Gerner
on January 3, 1901, in which Obear asks Gerner to give him
the lowest cash price at which Obear might offer the lot in
question for sale.    To this letter Gerner replied by letter dated
January 10, 1901: ''I would sell my lot for $1,400.''    On
October 12, 1901, Obear again wrote, inquiring as to the price
of the property, and Gerner replied October 19, 1901: ''I
don't want to sell the lot less than $1,450 at present.    I will
probably build on it myself.    I will come to Los Angeles in
a short time, and will see you then.''    Again, on January 16,
1902, Obear wrote to Gerner:—

''Relative to your lot in the Nordhold Tract on Sixth Street,
being parts of lots one and two, the price of which you gave
me in your last letter at $1,400.    The buyer I had at that
time would raise his offer to $1,350 cash, out of which you
will have to pay me a commission of 5 per cent on the first
thousand and 2½ per cent on the balance, making $58.75,
and also furnish an unlimited certificate of title, showing
your property free and clear of all encumbrances.    If you
care to accept this offer, kindly advise me and I will send
you the necessary papers to close the deal.    Trusting to hear
from you by return mail if possible, I am,

''Yours truly,    W. H. OBEAR.''

The answer to this was as follows:—

''LONE STAR, Jan. 19, 1902.
''Mr. OBEAR, Los Angeles, Cal.

''Dear Sir:—In regard to your letter of the 6th, I don't
want to sell my lot on Sixth Street for $1,350, but I will take
that without paying commission.    I will take $1,350 and you
get the commission from the other man.

''Yours truly,    JOHN GERNER.''

On January 23, 1902, Obear wrote as follows:—

''JOHN GERNER, Lone Star, Cal.

''Dear Sir:—I have sold your property on Sixth Street for
$1,350, the buyer paying me a commission.    I inclose you a
deed which you will please sign and if married, have your
wife sign also, acknowledging the same before a notary pub-

CXLII. Cal.—26

lice or justice of the peace. Kindly return the deed and I will remit promptly to you or if you prefer you can send it to the Title Insurance and Trust Company together with instructions which I inclose you which you will please sign, authorizing me to deliver the deed upon the payment of the money. The abstract of title will cost $25. Yours very truly,

"W. H. OBEAR."

In answer to this, Mr. Gerner wrote as follows:—

"Mr. OBEAR, Los Angeles, Cal.

"I have received your letter of the 23rd. You wrote that you had a party to buy my lot and it would cost $25 to have an abstract brought up which looks to be a big price, as I have a certificate of title to August, 1895, and there have not been any changes since, so it ought not to cost much to bring it up to date. I will probably send it to a friend in Los Angeles to look after. Please let me know how much you will charge for drawing up the deed.

"Yours truly,   JOHN GERNER."

Several letters passed thereafter between Obear and Gerner in an effort to come to some understanding as to the certificate of title and as to the reasonable cost thereof, but no agreement was reached between them as to that matter; and finally, on February 21, 1902, Gerner wrote to Obear: "I will let you know that I won't sell the lot on Sixth Street at that price. I will return the paper you have drawn up to you." On the same date Gerner wrote to Lanon to the same effect.

On January 23, 1902, on payment of one hundred dollars by Lanon, Obear executed a receipt and contract to her in writing and signed it "W. H. Obear." In this receipt the payment of the balance of $1,350 for the lot was conditioned upon "an unlimited certificate of title from Title Insurance and Trust Company of Los Angeles."

As we understand appellant, he makes two contentions: 1. He says that this correspondence shows that Gerner ratified the act of Obear in entering into the said contract. There is nothing in the correspondence or elsewhere to show that the contents of the said contract were ever brought to the knowledge of Gerner. Indeed, it is not shown that Gerner ever knew that Obear executed any contract in writing, either

on his own account or as the agent of Gerner. How could he ratify something that he knew nothing about? (*Golinsky v. Allison,* 114 Cal. 458.) No principle of estoppel applies to the case, for Gerner received nothing, retained nothing under the contract, and had no notice thereof. (Civ. Code, sec. 2310.)

Again, a contract for the sale of real property must be in writing. (Civ. Code, sec. 1624.) And an agency to enter into such a contract must be created in writing, either by a precedent authorization in writing, or a subsequent ratification in the same manner. (Civ. Code, secs. 2309, 2310.) There is no reference in any of Gerner's letters to the subject of making Obear his agent for any purpose. He simply tells him what he will take for his land, and industriously refrains from giving either Obear or anybody that Obear recommends any power or authority concerning the disposal of his property. But, on the contrary, intimates in at least one letter that he has a trusted friend in Los Angeles that he will rely on for anything in that line. A person cannot make himself the agent of another simply by writing letters and acting as ,agent without the assent or consent of the latter. There is nothing in the letters of Gerner that can be construed into a power of attorney to convey or an authority to enter into a written contract to convey. (*Grant* v. *Ede,* 85 Cal. 418,[1] and cases therein cited.)

The case of *Rutenberg* v. *Main,* 47 Cal. 220, is not similar as to the facts involved to the case here.

2. Another contention of appellant is, that there was an acceptance of defendant's offer contained in his letter of January 19th. But appellant fails to make it clear as to where this acceptance is to be found. His argument seems to be, "That all the papers are to be taken together" to show this acceptance. An acceptance, in order to make the contract complete, must be unconditional; there must be an acceptance of the *offer as made.* The receipt or contract, if it may be so called, signed by Obear contained the express condition of "an unlimited certificate of title from the Title Insurance and Trust Company of Los Angeles." This condition was never withdrawn, nor was it ever assented to by defendant. Hence there was no meeting of minds and no

[1] 20 Am. St. Rep. 237.

contract, and defendant finally withdrew his offer altogether as the result of a failure to come to any agreement about this same certificate of title. Now, after the withdrawal of the original offer plaintiff will not be permitted to enforce that offer by waiving conditions which he was insisting upon up to the time of that withdrawal.

We think the foregoing is decisive of the case and disposes of all of the material arguments advanced by the appellant.

3. It is not pointed out to us, nor can we see, how any "custom of real-estate agents" in the city of Los Angeles could have been material in the case or could have affected the conclusions reached by the court. We therefore see no error in the exclusion of evidence of such custom.

We advise that the judgment and order be affirmed.

Cooper, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Lorigan, J., Henshaw, J.