[No. 17.   Second Appellate District.—July 20, 1905.]

## SQUIRE MUNROE, Respondent, v. MARGARET M. FETTE, THOMAS BEATTY, and JANE M. BEATTY, his wife, Appellants.

REPLEVIN—ORDER GRANTING NEW TRIAL TO PLAINTIFF—COMMUNITY PROPERTY—ERRONEOUS INSTRUCTION—RATIFICATION OF WIFE'S ACTS.—In an action of replevin an order granting a new trial to the plaintiff, after judgment for the defendants, will be sustained, where it appears that he claimed title to the property as community property, and an erroneous instruction was given as to his ratification of acts of his wife with defendants inconsistent with his claim of title, which omitted all question as to the knowledge of the plaintiff in relation to the transaction.

ID.—ISSUE AS TO A DEFENDANT WITHHOLDING POSSESSION—RECORD—NEW TRIAL.—Where the fact of a particular defendant withholding possession from the plaintiff was in issue, and the whole of the testimony does not appear in the bill of exceptions, it cannot be said that the new trial was improperly granted as to such defendant.

APPEAL from an order of the Superior Court of Los Angeles County.   Waldo M. York, Judge.

The facts are stated in the opinion of the court.

J. G. Rossiter, and Flint & Barker, for Appellants.

D. Allen, Trusten P. Dyer, and Hunsaker & Britt, for Respondent.

ALLEN, J.—Without noticing the many other assignments of error raised by the bill of exceptions, and on consideration of which the court granted a new trial, it is sufficient upon this appeal to call attention to instruction No. 10, which reads as follows: "You are instructed that if you find that certain of the property in question was held by Mrs. Stella Munroe under the lease from Barker Brothers with the privilege of purchasing the same, and that defendants furnished money as a part of the purchase price of said property described in the complaint to pay the balance to be paid thereon to said Barker Brothers necessary to secure the title to said property, and that plaintiff claims title to said property so purchased from said Barker Brothers, or any interest therein, by reason of such payment by Mrs. Stella Munroe to them from moneys so furnished by defendants, or either of them, without offering to refund said moneys, then said plaintiff by so doing ratified the sale to defendants by which said money was derived."

This instruction proceeds upon the theory that the fact of part payment by plaintiff's wife from the proceeds of the sale to defendants precluded plaintiff from claiming the property as community property, without offering to refund to defendants the amount so paid and applied by the wife to the purchase price, omitting therefrom all question as to the knowledge of plaintiff in relation to the transaction. That plaintiff may be held to the ratification of an act, it is essential that he have knowledge, or the equivalent, of the facts concerning the transaction. A ratification supposes a knowledge of the thing ratified. (*Blen* v. *Bear River etc. Co.,* 20 Cal. 602, [81 Am. Dec. 132].) "It is an inherent element of ratification that the party to be charged with it must have fully known what he was doing." (*Brown* v. *Rouse,* 104 Cal. 676, [38 Pac. 507].)

The fact of defendant Fette's withholding possession was an issue. The whole testimony does not purport to appear in

the bill of exceptions, and we cannot say that the new trial was improperly granted as to her.

The court did not err in granting a new trial, and the order is affirmed.

Gray, P. J., and Smith, J., concurred.