[Civ. No. 2036. First Appellate District.—April 19, 1917.]

H. LUFT, Appellant, v. KRIKOR H. ARAKELIAN et al., Respondents.

SPECIFIC PERFORMANCE—CONTRACT FOR PURCHASE OF REAL ESTATE—
OSTENSIBLE AGENCY.—Where in entering into a contract for the purchase and sale of real estate the purchaser had no actual notice that the person with whom he was contracting was not the actual owner of the property, and did not at any time during his dealings with such person believe, or have cause to believe, that the latter was acting or purporting to act as the agent for the real owner, he cannot specifically enforce the contract against the owner on the theory of ostensible agency, since it is the rule that he who seeks to charge a supposed principal with the obligations resulting from the

acts and conduct of an alleged ostensible agent must show that he himself was cognizant of the facts which gave color to the alleged ostensible agency, and caused him to believe that the person he dealt with was acting in the capacity of an agent rather than as a principal.

ID.—ASSUMPTION OF OBLIGATIONS INCURRED BY AGENT—INSUFFICIENT RATIFICATION.—The fact that the owner, while repudiating the acts and conduct of the alleged agent, offered in one or two instances to assume some of the smaller and comparatively inconsequential obligations incurred by the alleged agent under similar contracts, did not constitute a ratification of the contract.

APPEAL from a judgment of the Superior Court of Fresno County.  George E. Church, Judge.

The facts are stated in the opinion of the court.

Drew & Drew, for Appellant.

E. A. Williams, for Respondents.

LENNON, P. J.—In this action the plaintiff sought to compel the defendants to specifically perform a certain contract for the purchase and sale of real estate which had been entered into by the plaintiff with a third party named Klein who, it appears, was doing business under the name of the "New York Real Estate and Building Company."

The plaintiff's cause of action proceeded upon the theory that Klein was not the owner of the property purchased, but was the agent of the defendants in the transaction in suit. The trial court, however, found that Klein, when executing the contract in suit, was acting for himself and not as the agent of the defendants.  This finding supports the judgment entered in favor of the defendants, which in turn finds ample support in the evidence adduced upon the whole case, which in substance is as follows: The defendants are husband and wife.  The wife apparently had no relation to the contract in controversy, and was in no way interested in the property save as the wife of the defendant Krikor H. Arakelian.  Therefore in this opinion we shall deal only with the husband, and shall refer to him as the defendant.

The real property which was the subject of the contract in suit, stood of record in the name of the defendant.  On January 6, 1914, the plaintiff entered into an oral agreement

with Klein for the purchase of four residence lots at the price of three hundred dollars per lot, which lots were part of a tract of land situated in Fresno County, and known and designated upon an unrecorded map as "German Park." The record title to this tract at the time of the execution of the contract in suit stood in the name of the defendant. Incidentally the New York Real Estate and Building Company contracted, at the time of the execution of this contract, with the plaintiff to erect a dwelling-house on one of the purchased lots. By the terms of the sale ten per cent of the purchase price was to be paid down and the balance in specified installments. The plaintiff, in accordance with the terms of the sale, paid to Klein the sum of $980, which left a balance of one hundred dollars due to Klein on the original agreement, but which it was stipulated was not to be paid to Klein until the dwelling-house had been erected. When the sum of $980 had been paid to Klein he absconded without completing his contract, and the plaintiff thereupon tendered the balance of one hundred dollars due to the wife of the defendant. At the time the contract was entered into, Klein, under the name of the "New York Real Estate and Building Company," was advertising the German Park property for sale, and the plaintiff never knew of the defendant's connection with the property, and never had any dealings with him. The defendant, however, had knowledge of the fact that Klein was advertising the property for sale, and that he was doing so by reference to the unrecorded German Park map. But prior to the making of the contract of purchase and sale with the plaintiff, Klein had entered into a conditional contract of purchase and sale with the defendant of the entire tract of land comprising the so-called German Park at the agreed price of two thousand dollars per acre, or thirty-seven thousand five hundred dollars, payable under certain conditions and in specified installments. This conditional contract of sale provided, among other things, that if while complying with the conditions of the contract concerning the payment of the purchase price Klein sold any lots in the tract, the defendant would execute to him a deed to said lots. This contract was not recorded at the time the plaintiff entered into his contract with Klein. When Klein absconded, the defendant procured other lands belonging to him and adjoining the tract conditionally sold to Klein, to be platted and added to the map

known as German Park, and at the same time caused the name of the map to be changed to that of "Ara Park."

Counsel for plaintiff concedes that the evidence as above outlined would not have supported a finding that the relation of principal and agent actually existed between Klein and the defendant, but earnestly contends that it would have supported and should have compelled a finding of ostensible agency in Klein. This contention we think is disposed of by the fact that the evidence shows affirmatively that the plaintiff had no actual notice of the defendant's relation to the property, and does not show, nor tend to show, that the plaintiff at any time during his dealings with Klein believed or had cause to believe that the latter was acting or purporting to act as the agent for the defendant; and it is well settled that he who seeks to charge a supposed principal with the obligations resulting from the acts and conduct of an alleged ostensible agent must show that he himself was cognizant of the facts which gave color to the alleged ostensible agency, and caused him to believe that the person he dealt with was acting in the capacity of an agent rather than as a principal. (Civ. Code, sec. 2300; *Harris* v. *San Diego Flume Co.*, 87 Cal. 526, [25 Pac. 758]; *Rodgers* v. *Peckham*, 120 Cal. 238, [52 Pac. 483]; *Gosliner* v. *Grangers' Bank of California*, 124 Cal. 225, [56 Pac. 1029].)

The fact that the defendant, while repudiating the acts and conduct of Klein, offered in one or two instances to assume some of the smaller and comparatively inconsequential obligations incurred by Klein under similar contracts did not constitute a ratification of the plaintiff's contract with Klein.

The judgment appealed from is affirmed.

Richards, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 18, 1917.