[Civ. No. 2187.   First Appellate District.—October 29, 1917.]

## JOSEPH K. HUTCHINSON, Appellant, v. SCOTT, MAGNER & MILLER, Respondent.

AGENCY—UNAUTHORIZED SALE BY AGENT—RATIFICATION—ACCEPTANCE OF BENEFITS BY PRINCIPAL—NO RATIFICATION WHEN ACTUAL FACTS NOT DISCLOSED.—Where an agent, authorized to sell an automobile for eight hundred dollars cash, and not to make delivery until purchase price was fully paid, sold for fifty dollars and a second-hand car, but remitted to the principal four hundred dollars, and falsely reported that he had sold for four hundred dollars and a used car, which he would shortly sell for four hundred dollars, and the principal retained the four hundred dollars and replied that, while not entirely satisfied, he would accept the transaction provided the agent would himself pay the remaining four hundred dollars within thirty days and comply with certain other corditions, the principal, on discovering the facts, was entitled to maintain against the vendee, to whom the car had been delivered, an action to recover its possession, with damages for its depreciation and detention.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Edmund P. Mogan, Judge.

The facts are stated in the opinion of the court.

Joseph K. Hutchinson, *in propria persona.*

A. A. Sanderson, for Respondent.

RICHARDS, J.—This is an appeal from a judgment in defendant's favor in an action for the recovery of the possession of personal property.

Concerning the facts of the case there is no substantial dispute. The plaintiff was the owner of a certain automobile known and designated as a "1915 Hupmobile Roadster," and which he desired to sell. While on a visit to the east he opened correspondence with a Mr. Llewellyn Johnson regarding the sale of his machine, as a result of which he sent the latter a telegram on September 20, 1915, to the effect that he had instructed the garage to deliver the car to him, as the plaintiff's agent, for sale at eight hundred dollars cash, no delivery to be made until full price was paid. Johnson re-

ceived the car under this instruction, and within a short while thereafter he made an exchange of it with the defendant for a touring car owned by it, receiving fifty dollars, cash on the trade. On October 22, 1915, Johnson wrote a letter to the plaintiff, who was then in New York City, that he had after some difficulty made a deal by which he had sold the plaintiff's automobile for four hundred dollars cash and a Hupmobile runabout, which he could sell for the same amount as soon as some repairs were made upon it, and that as soon as sold he would remit the balance of the purchase price. He inclosed in this letter a draft for four hundred dollars which he thus claimed to have received, but did not disclose the name of the purchaser of the plaintiff's car. Upon receiving this letter the plaintiff replied acknowledging the receipt of the four hundred dollars inclosed and stating that ''While I am not entirely satisfied with the sale of the car for less than eight hundred dollars cash, I shall accept the situation if I have both your promise to pay the remaining four hundred dollars to me in cash within the next thirty days, and a credit to me of that amount upon the Linz-Sanborn Motor Company. Please advise me if you can provide me with these assurances.'' The Linz-Sanborn Motor Company referred to in this reply was a firm of dealers in automobiles with which the plaintiff had previously been led by Johnson to believe that he was connected in some responsible capacity. Receiving no reply from Johnson the plaintiff returned to San Francisco a few weeks later and began to look the matter up. He saw Johnson and could get no satisfaction from him, either as to whom he had sold the car, or as to the terms of its sale, or as to the payment of the balance of its purchase price; but he learned that Johnson had deceived him with respect to his connection with the Linz-Sanborn Motor Company and that he had no such connection. He finally learned that his car was in the possession of the defendant, who claimed to have purchased it from Johnson. The plaintiff thereupon wrote a letter to the defendant denouncing the acts of Johnson and demanding the return of the car, with damages for its depreciation and retention, and these demands being refused by the defendant the plaintiff instituted the present action.

The defendant in its answer claimed to be the owner of the car by virtue of its transaction with Johnson which it was

claimed the plaintiff had ratified; but the defendant did not set forth in its answer the details of the transaction by which it had become possessed of the car, nor does it appear that the plaintiff was informed as to the terms of the transaction or of the payment of the fifty dollars by the defendant to Johnson until the trial of the case.

The court found that the plaintiff had ratified the acts of Johnson in the premises and rendered judgment in defendant's favor, from which judgment the plaintiff prosecutes this appeal.

Upon the undisputed facts thus set forth it seems clear to us that the finding of the trial court that the plaintiff ratified the transaction between the agent Johnson and the defendant finds no support in the evidence in the case. The instruction of the plaintiff to Johnson creating his agency and investing him with possession of the car limited his authority to the making of a cash sale of the plaintiff's automobile for the sum of eight hundred dollars, and required that no delivery of the car should be made until that cash price had been paid. The acts of Johnson in making an exchange of the plaintiff's car with the defendant for another car and fifty dollars were clearly and grossly beyond the scope of his powers. The transaction which Johnson reported to the plaintiff, and which plaintiff, by his qualified acceptance of it, is claimed to have ratified, never in fact occurred, and never having existed of course could not be ratified. Nor can it be claimed that the retention of the four hundred dollars sent to the plaintiff by Johnson, or his qualified acceptance of the latter's purported acts, constituted a ratification of the real transaction between Johnson and the defendant, for the all-sufficient reason that in order to constitute a ratification of the unauthorized acts of an agent the principal must be fully advised as to what the actual transaction of the agent was which the principal, by his acts or conduct, is to be held to have ratified. (Civ. Code, sec. 2310; *Stemler v. Bass*, 153 Cal. 791, [96 Pac. 809]; *Lambert v. Gerner*, 142 Cal. 399, [76 Pac. 53]; *Maze v. Gordon*, 96 Cal. 61, [30 Pac. 962]; *Meux v. Hogue*, 91 Cal. 442, [27 Pac. 744]; *Hall v. Wells & Sons*, 24 Cal. App. 238, [141 Pac. 53]; *Palo Alto Mut. B. & L. Assn.* v. *First Nat. Bank*, 33 Cal. App. 214, [164 Pac. 1124].) In the case at bar it is not pretended that the plaintiff knew anything whatever about the actual

transaction between Johnson and the defendant at the time of his receipt of the letter from Johnson purporting to detail a transaction for the sale of his automobile which was an entire fiction, or at the time of his qualified acceptance of its terms, or at any time up to the actual trial of the cause. It is, however, contended by the respondent that because the plaintiff received and retained the sum of four hundred dollars sent him by Johnson as part of the proceeds of a sale of his machine which had never occurred, he must be held to have received and retained a portion of the benefits of the actual transaction between Johnson and the defendant, and thus to have ratified the same. It is argued that the fifty dollars which was paid by the defendant to Johnson is to be held to be included in the larger sum of four hundred dollars which the plaintiff received from Johnson as the result of the fictitious transaction which he reported to him. There are two answers to this contention, the first of which is that the record does not disclose any connection between the fifty dollars paid to Johnson by the defendant and the four hundred dollars sent by Johnson to the plaintiff, or that he ever retained the four hundred dollars with knowledge that any portion of it was derived from the defendant. And the second answer is that the plaintiff was never informed, so far as the record discloses, as to what the transaction between the defendant and Johnson was, or as to any payment by the defendant to Johnson of any sum of money whatever in the course of the transaction until the actual trial of the cause; nor does it appear to have been intimated in that trial that the plaintiff's retention of the money received from Johnson amounted to such an acceptance of the benefits of the defendant's transaction as to prevent a recovery in this action. On the contrary, the findings of the court as to the plaintiff's ratification of his agent's acts expressly refer the same to October 22, 1915, the date of the plaintiff's qualified acceptance of Johnson's reported transaction. These findings, as we have shown, have no support in the undisputed evidence in the case.

The judgment is reversed and the cause remanded for a new trial.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 28, 1917, and a petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on December 27, 1917.