[Civ. No. 4066.   First Appellate District, Division Two.—September 12, 1922.]

## FRANKLIN W. ALLEN, etc., Appellant, v. SAN FRANCISCO WHOLESALE DAIRY PRODUCE EXCHANGE (a Corporation), Respondent.

[1] AGENCY—UNAUTHORIZED ACT OF CORPORATION CLERK—SUBSCRIPTION FOR REPORTS—LIABILITY OF EMPLOYER.—Under section 2317 of the Civil Code, defining ostensible authority as such authority as a principal intentionally or by want of ordinary care causes or allows a third person to believe the agent to possess, the fact that a corporation permitted the clerk in charge of its office to open its mail and intrusted him with the duty of bringing to the attention of the proper officers the correspondence addressed to the corporation was not sufficient to charge the corporation with the clerk's unauthorized subscription for certain reports written upon a letter-head of the corporation and signed with a rubber stamp in the name of its secretary, in the absence of knowledge of such facts by the third person or of his having been misled by them.

[2] ID.—OSTENSIBLE AUTHORITY—ESSENTIAL FEATURES.—There are two essential features of ostensible agency, viz., the third person must believe that the agent had authority and such belief must be generated by some act or neglect of the person to be held.

[3] ID.—ACTS OF OSTENSIBLE AGENT — CHARGING OF PRINCIPAL — EVIDENCE.—He who seeks to charge a supposed principal with the obligations resulting from the acts and conduct of an alleged ostensible agent must show that he himself was cognizant of the facts which

gave color to the alleged ostensible agency and caused him to believe that the person with whom he dealt was acting in the capacity of an agent.

[4] ID.—SELF-CONSTITUTED AGENCY.—A person cannot make himself the agent of another simply by writing letters and acting as agent without the knowledge and consent of the latter.

[5] ID.—UNAUTHORIZED SUBSCRIPTION FOR REPORTS—MAILING AND RECEIPT BY EMPLOYER — INSUFFICIENT RATIFICATION.—A corporation cannot be held liable for the cost of certain reports which were subscribed for without authority by the clerk in charge of its office, on the theory that it ratified the transaction because the reports were mailed from time to time over a period of several months to the corporation and received by the clerk, where such employee piled them unopened around his desk or in a corner of the office, and when he finally called the attention of one of the directors to them, the corporation immediately disavowed the contract and attempted to return the reports unopened.

[6] ID.—RATIFICATION — KNOWLEDGE—ESSENTIAL ELEMENT.—While it is true that ratification of the acts of an agent need not be express, but may be implied from the acts and conduct of a party, it is an inherent element of ratification that a party to be charged with it must have had full knowledge of what he was doing.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Daniel C. Deasy, Judge. Affirmed.

The facts are stated in the opinion of the court.

Arnold C. Lackenbach and Paul A. McCarthy for Appellant.

Vogelsang & Brown for Respondent.

LANGDON, P. J.—This is an appeal by the plaintiff from a judgment against him in an action to recover from the defendant the sum of $1,218 for a transcript of the official stenographic report of proceedings before the Interstate Commerce Commission on the perishable freight investigation.

The plaintiff is the official reporter of the Interstate Commerce Commission and is engaged in the business of reporting and selling transcripts of the reports of said commission to persons interested therein, at prices fixed by said commission for such services. On June 20, 1919, plaintiff

sent to defendant a circular letter stating that proposed changes in tariff applicable to perishable products of all kinds would be investigated by the Interstate Commerce Commission at hearings to be held in several cities from July 7th to September 18th, or later. The letter then offered to supply copies of the official reports of the commission at twelve and one-half cents a page, the charge authorized and approved by the commission.

In response to this communication the plaintiff received the following letter:

"San Francisco, Cal., June 27/19.
"Messrs. Hulse & Allen,
"Official Reporters of the Interstate Commerce Commission,
"Federal Trade Commission,
"244 Madison Ave., New York City, N. Y.
"Gentlemen:

"Answering yours of June 20, 1919, *in re* official reports: concerning proposed perishable protective tariff No. 1 (Docket 10664) and other matters referred to in your communication: have to say: kindly consider this our subscription for the copy referred to, and forward at your earliest convenience to this address.

"Very truly yours,
"J. R. KINSMAN, Sec."

This letter was written upon a letter-head of the defendant and the signature was affixed by a rubber stamp. Acting upon this letter, the plaintiff prepared and mailed to defendant numerous volumes of typewritten transcript of the proceedings before the commission, amounting to $1,218.50 at the rate quoted. The complaint was in two counts, in the first of which it was alleged that the transcript was furnished to defendant at its special instance and request at an agreed price; and in the second count, recovery was sought for the same amount as the reasonable value of plaintiff's services in preparing the transcript, which services, it was alleged, were rendered at the special instance and request of defendant.

Appellant urges that the trial court erred in refusing to admit in evidence the letter hereinbefore set out, dated June 27, 1919, addressed to the plaintiff and signed, with rubber stamp, "J. R. Kinsman, Sec."

Counsel for defendant objected to the introduction of this letter upon the ground that there was no proof that it had been authorized, and it was not admissible against the corporation.

The evidence disclosed that J. R. Kinsman had not written this letter, nor seen it at all until the time of the trial; that he had not authorized it to be written and did not know that it had been written, but that a clerk in the employ of the defendant, one Henri B. Laidlaw, on his own initiative, without any direction from the board of directors or from any officer of the defendant, had written the letter, to which he had affixed, by rubber stamp, the signature "John R. Kinsman, Sec."

It was not contended that Laidlaw had actual authority to act for the defendant in making a contract of this kind and the proof was to the contrary. Also, we think, it cannot be successfully contended, on the record, that he had ostensible authority to do so. Upon this latter question, although conflicting inferences might be drawn from some of the testimony, such conflict has been resolved against appellant by the findings of the trial court. These findings are of ultimate facts; but they imply that there was no ostensible agency established as against the defendant. This, in itself, would conclude that question before this court, but it may be well to add that even though we were to give effect only to the portion of the testimony which is relied upon by appellant as establishing ostensible agency, it would avail him nothing, because such facts are not shown to have been known to the plaintiff when he furnished the transcripts.

[1] Section 2317 of the Civil Code defines ostensible authority as such authority as a principal intentionally or by want of ordinary care causes or allows a third person to believe the agent to possess. Appellant's argument, based upon the fact that Laidlaw was in charge of the office of the defendant and permitted to open its mail and intrusted with the duty of bringing to the attention of the proper officers the correspondence addressed to the defendant, loses its force because there is no evidence in the record that plaintiff knew these facts or was misled by them.

Section 2334 of the Civil Code provides that a principal is bound by the acts of his agent under a merely ostensible

authority to those persons only who have in good faith and without want of ordinary care incurred a liability or parted with value upon the faith thereof. **[2]** The decisions in this state have made clear that there are two essential features of ostensible authority, viz., the third person must believe that the agent had authority and such belief must be generated by some act or neglect of the person to be held. (*Harris* v. *San Diego Flume Co.*, 87 Cal. 526 [25 Pac. 758]; *Gosliner* v. *Grangers' Bank of Cal.*, 124 Cal. 225, 227 [56 Pac. 1029]; *Luft* v. *Arakelian*, 33 Cal. App. 463 [165 Pac. 712]; *Rodgers* v. *Peckham*, 120 Cal. 238 [52 Pac. 483]; *Southern Pac. Co.* v. *City of Pomona*, 144 Cal. 350 [77 Pac. 929].) **[3]** It is well settled that he who seeks to charge a supposed principal with the obligations resulting from the acts and conduct of an alleged ostensible agent must show that he himself was cognizant of the facts which gave color to the alleged ostensible agency and caused him to believe that the person with whom he dealt was acting in the capacity of an agent. (1 Cal. Jur., sec. 40, and cases hereinbefore cited.) **[4]** A person cannot make himself the agent of another simply by writing letters and acting as agent without the knowledge and consent of the latter. (*Lambert* v. *Gerner*, 142 Cal. 403 [76 Pac. 53].)

**[5]** Another argument of the appellant for a reversal of this judgment is that even though the contract be conceded to have been unauthorized by the defendant, it was ratified by said defendant. This position is based upon the showing made that the transcripts were mailed from time to time over a period of several months, by the plaintiff to the defendant, and were delivered at the office of the defendant. They were received by the clerk, Laidlaw, and piled up unopened around his desk or in a corner of the office. These packages were not opened and became quite bulky in the course of a few months, as they included over nine thousand pages of typewritten matter. When the clerk finally, and, we concede, rather tardily, realized how extensive had been the hearings before the commission, and what a bulk of typewritten matter was being sent to the office of defendant, he called the attention of one of the directors to these transcripts, and the defendant thereupon immediately disavowed the contract and attempted to return the transcripts unopened, but the plaintiff refused to accept them.

However, it is argued that as the transcripts were necessarily bulky, and as some of the directors visited the offices of the defendant for a short time every day, the defendant is to be charged with knowledge that the transcripts were being delivered, and its failure to repudiate the contract for several months amounted to a ratification. The record contains the positive testimony of the directors that they did not know the transcripts had been sent to the defendant and knew nothing of the entire transaction between Laidlaw and plaintiff until about the time they repudiated the contract and attempted to return the transcripts. Appellant's argument, then, is, in effect, that although the evidence is that the defendant had no actual knowledge, through its directors or officers, of the delivery of the transcripts, it must be charged with knowledge because it had an opportunity to know the facts, and its silence, under such circumstances, amounts to a ratification. This presents, squarely, the question of whether ratification may exist where there is no actual knowledge of facts which must suggest or imply the transaction in controversy, but merely constructive knowledge of such facts. We find no case in which the rule has been carried to the extent contended for by appellant. **[6]** It is true that ratification need not be express, but may be implied from the acts and conduct of a party. (*Ralphs* v. *Hensler,* 97 Cal. 296, 302 [32 Pac. 243]; *Union Trust* v. *Best,* 160 Cal. 263 [116 Pac. 737].) But it is an inherent element of ratification that a party to be charged with it must have had full knowledge of what he was doing. (*Brown* v. *Rouse,* 104 Cal. 672, 676 [38 Pac. 507]; *Hall* v. *Wells,* 24 Cal. App. 238, 250 [141 Pac. 53]; *Munroe* v. *Fette,* 1 Cal. App. 333, 334 [82 Pac. 206]; *Puget Sound Lumber Co.* v. *Krug,* 89 Cal. 237 [26 Pac. 902]; *Dupont* v. *Wertheman,* 10 Cal. 354; *Billings* v. *Morrow,* 7 Cal. 171, 175 [68 Am. Dec. 235]; *Hutchinson* v. *Scott,* 35 Cal. App. 171, 174 [169 Pac. 415]; *Brown* v. *Wrightman,* 5 Cal. App. 391 [90 Pac. 467].)

The case of *Ballard* v. *Nye,* 138 Cal. 598 [72 Pac. 156], might, at first glance, seem to give some support to appellant's position; but a reading of the facts recited in the opinion in that case convinces us that it is inapplicable here. That case states, quoting from Mechem on Agency, that while knowledge of material facts is necessary before

the doctrine of ratification can be applied, nevertheless, ignorance of such facts can avail nothing where it is intentional and deliberate, or where the circumstances are such as reasonably to put the principal upon inquiry. But a reading of that case makes it apparent that in order to make it apply as authority in the present case, it would have been necessary for plaintiff to have proven, in the present case, that defendant had actual knowledge of the delivery of the transcripts by plaintiff. The proof is to the contrary. In the case of *Ballard* v. *Nye, supra,* the principal had actual knowledge of a number of facts from which it was impossible to escape the conclusion that a certain payment had been made to her purported agent. In the present case the defendant had no actual knowledge of the delivery of the transcripts. If it had had such knowledge appellant might have argued, with success, that defendant had constructive notice of the contract or course of dealings with the plaintiff and actual knowledge of the making of the contract was unnecessary; but in the absence of actual knowledge of facts to put the defendant on inquiry as to any contract outstanding, we think the trial court was correct in its conclusion that no showing of ratification had been made.

We think that upon no possible theory was the letter, sought to be introduced by plaintiff, binding upon the defendant and its exclusion by the trial court was proper. In connection with the ruling on this point, we have disposed of all the matters urged by appellant which require discussion.

The judgment is affirmed.

Nourse, J., and Sturtevant, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 9, 1922.

All the Justices present concurred.

Richards, J., *pro tem.,* was acting.