[Civ. No. 1028. First Appellate District.—September 27, 1912.]

## CALIFORNIA TITLE INSURANCE AND TRUST COMPANY (a Corporation), as Trustee, Appellant, v. FREDERICK KUCHENBEISER et al., Respondents.

MORTGAGE—RECORD OF ASSIGNMENT BY MORTGAGEE—NOTICE TO MORTGAGORS—SUBSEQUENT PAYMENT TO MORTGAGEE—AGENCY FOR ASSIGNEE—DEFENSE TO FORECLOSURE—SUPPORT OF FINDING.—Though the record of an assignment of a note and mortgage by the mortgagee is notice thereof to the mortgagors, who in the absence of any other showing, are not protected in payments made to the mortgagee; yet, where in an action by the assignee to foreclose the mortgage, the mortgagors claimed that the mortgage was fully paid by them to the mortgagee as the agent of the assignee, and the court found upon sufficient evidence, that the mortgagee was the authorized agent of the assignee to receive the money so paid, such payment so proved and found properly defeated the foreclosure.

ID.—SUFFICIENT PROOF OF FACT IN ISSUE—CIRCUMSTANCES—ASSIGNMENT OF SECURITY UNDER DEED OF TRUST—POWER OF ATTORNEY TO CORPORATION SECURED—AGENCY SHOWN.—A fact in issue may be proved either by direct evidence, or by proof of other facts or circumstances from which the fact in issue may be inferred. Where, in the present case, the evidence shows that there was a deed of trust securing the note of a corporation, under which the assignment of the security to the plaintiff was made, and to which it referred in terms, under which it was required that the assignee should give a power of attorney to the corporation secured, to collect all moneys due thereunder, that the corporation did in fact collect all moneys due, that plaintiff never attempted to collect any moneys, or to

stop any payments to the corporation, and that a similar security made to the same corporation, and assigned to the plaintiff,. was released ·by plaintiff upon payment to the corporation secured, it is held that such evidence amply sustains the finding that said corporation was plaintiff's authorized agent to collect the whole note herein secured.

APPEAL from a judgment of the Superior Court of Santa Clara County.   J. R. Welch, Judge.

The facts are stated in the opinion of the court.

Olney, Pringle & Mannon, for Appellant.

P. R. Lund, and V. A. Scheller, for Respondents.

KERRIGAN, J.—This is an action brought to foreclose a mortgage which was given to secure the payment of a promissory note.

The appeal is from the judgment in favor of the defendants taken within sixty days after the entry of the same.

Without any actual notice of the assignment of· the note and mortgage, the defendants—the mortgagors—paid the Pacific Coast Savings Society—the mortgagee—the amount due on the note.   With the exception of a small payment not questioned all the payments on account of the note and mortgage were made ·after the assignment thereof to the plaintiff was recorded.   It must therefore be held that the defendants had constructive notice of the assignment, and that, unless the mortgagee was the authorized agent of the assignee for the collection of the money due on the note payment to the mortgagee would not discharge the liability on the note, unless it also appeared from the record that the mortgagee was in possession of the note and mortgage at the time the payments were made.   (Civ. Code, sec. 2935; *Rodgers* v. *Peckham,* 120 Cal. 238, [52 Pac. 483].)

To save the case from the application of the doctrine of the case just cited, the defendants took the position in the trial court that the mortgagee had been constituted the agent of the plaintiff, and as such agent received the payments made by the mortgagor, and the court so found.

The only point urged by the plaintiff for a reversal of the judgment is that this finding ·of the lower court is not sup-

ported by the evidence. With this contention we cannot agree.

A fact in issue may be proved either by direct evidence of the fact, or by proof of other facts or circumstances from which the fact in issue may be inferred (Code Civ. Proc., sec. 1870). In the present case there was evidence that a certain deed of trust, under which the assignment in question was made and to which it referred in terms, contained a provision that the plaintiff should give a power of attorney to the Pacific Coast Savings Society (the mortgagee) to collect moneys due it, including this note; that said mortgagee did as a matter of fact collect such moneys; that the plaintiff never attempted itself to collect the amounts due on the note in suit, and never notified the defendant (mortgagor) of the assignment to it of the note and mortgage—which of course it was unnecessary for it to do if it had constituted the mortgagee its agent for collecting money due on the note—and, finally, that a similar mortgage made by the defendant to the same mortgagee, and assigned by it to the plaintiff, was released by said plaintiff upon payment thereof being made to the Pacific Coast Savings Society (mortgagee).

We think this evidence ample to sustain the finding of the court that the Pacific Coast Savings Society was the authorized agent of the plaintiff to collect the sums due on said note.

The judgment is affirmed.

Lennon, P. J., and Hall, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on October 24, 1912, and the following opinion then rendered thereon:

KERRIGAN, J.—On petition for a rehearing by plaintiff and appellant, it is urgently insisted that the items of evidence set out in the opinion of this court filed herein are not legally sufficient to sustain the findings of the trial court that the Pacific Coast Savings Society was the duly appointed agent of the plaintiff to collect the sums due on the note and mortgage sued upon.

Upon the hearing of this case in this court no argument, either oral or written, was made by the respondents' attorneys, nor have they filed any in reply to the petition for a

rehearing, so that, in a case of apparently much importance to the respondents, we have been furnished no assistance by their counsel.

However, we have re-examined the record, and adhere to the views expressed in our opinion affirming the judgment.

We are satisfied that there is sufficient competent evidence in the record, or evidence received without objection, to warrant the conclusion that the Pacific Coast Savings Society was the duly appointed agent of the plaintiff to collect the sums of money here sought to be recovered. The very deed of trust, by the terms of which the assignment of the mortgage was made to plaintiff, provided that said plaintiff should execute a power of attorney to said society for that purpose, which power was only to be revoked in certain contingencies. The course of conduct of the plaintiff throughout is entirely consistent with this having been done, and is utterly inconsistent with its not having been done. The evidence shows that for many years the plaintiff permitted payments, which by the terms of the note and mortgage were to be made monthly, to be so made to the said society. It further shows that it recognized as valid and effectual payments made by one of the same defendants to the same society upon another mortgage, executed by him, and assigned to the plaintiff by the very same instrument and covered by the same deed of trust forming the basis of the plaintiff's rights here—a mortgage in exactly the same position with regard to the rights of the parties as the one now in suit.

While no single item of the evidence received would be sufficient to prove the agency of the society, yet a consideration of the entire evidence in the case irresistibly forces the mind to the conclusion that the obligation of the plaintiff to appoint said society as its agent for the collection of the sums due under this note and mortgage, had in fact been performed.

The petition for a rehearing is denied.

Hall, J., and Lennon, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 26, 1912.